### PORTLAND COMPANY *v.* UNITED STATES.

A case dismissed, January 8th, 1873, because the counsel for the appellant did not file a brief in the form required by the amendment to the 21st rule, promulgated November 16th, 1872, and to be seen at large in 14 Wallace, p. ix.

APPEAL from the Court of Claims.

The Portland Company, a corporation of Maine, filed a petition in the court just named to recover the drawback allowed by the 17th section of the act of June 30th, 1864,* on certain locomotive-engines exported by them. The engines were manufactured by the company under a contract with the United States, and the internal revenue tax thereon was paid. Afterwards the engines were sold by the government at public auction, and the company bought them. The Court of Claims dismissed the petition, and the claimants appealed.

On the case being called, January 8th, 1872, it was submitted by the appellants *on the record, no brief being filed in their behalf.*

*For the United States, a brief was submitted by Mr. C. H. Hill, Assistant Attorney-General.*

The CHIEF JUSTICE, January 20th, 1873, delivering the judgment of the court, said:

From time to time, the court has adopted rules of practice

---

* 13 Stat. at Large, 302, 303.

intended to facilitate the presentation of causes by counsel and their consideration by the court. Finding that these rules, through the inattention of the bar, had failed in a great degree of their intended effect, we promulgated at the last term and for the same end, an amended twenty-first rule, the fourth section of which required that the brief should contain, *in the order there stated:*

First, a concise abstract or statement presenting succinctly the questions involved, and the manner in which they were raised;

Second, an assignment of the errors relied upon, setting out, in cases brought up by writ of error, separately and specifically each error asserted and intended to be urged, and in cases brought up by appeal, as specifically as may be, the error alleged to exist in the decree; or, if the error be alleged in a ruling upon the report of a master, stating the exception to the report and the action of the court upon it;

Third, a brief of the argument exhibiting a *clear* statement of the points of law or fact to be discussed, with a reference to the pages of the record and authorities relied upon in support of each point, and containing, when a statute of a State is cited, so much thereof as may be deemed necessary to the decision of the case, printed at length.

The fifth section of the rule also required that when the error allowed is to the charge of the court, the specification shall set out the part referred to *totidem verbis,* whether it be instructions given or instructions refused.

And the sixth section required that when the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected.

The necessity of strict compliance with these rules, especially in view of the greatly augmented business of the court, is evident. It will facilitate as much the labors of the bar as those of the bench. That counsel might have full notice of the rule, it was required to take effect on the first day of the present month of January, and the clerk was directed to have printed copies made of the rule as amended, and send one

copy to each of the counsel in all cases pending and not yet argued. In the case before us, this rule has been totally disregarded on the part of the appellant.

We shall, therefore, in this case

DISMISS THE APPEAL.