McLimans vs. The City of Lancaster.

*By the Court.*— Order affirmed.

McLIMANS vs. THE CITY OF LANCASTER.

*February 28 — March 13, 1883.*

*New trial — Discretion.*

1. The granting of a new trial is within the discretion of the trial judge, and his action will not be reversed unless there was clearly an abuse of such discretion.
2. The uncertainty and contradictory character of the evidence are sufficient reasons for exercising the discretion of granting a new trial.

APPEAL from the Circuit Court for *Green* County.

The opinion sufficiently states the case.    The plaintiff appealed from an order setting aside the verdict and granting a new trial.

*W. E. Carter* and *A. R. Bushnell*, for the appellant.

For the respondent there was a brief by *John G. Clark* and *J. T. Mills*, and oral argument by *Mr. Mills*.

ORTON, J.    This action was brought to recover damages for personal injuries to the plaintiff by reason of the insufficiency and want of repair of a sidewalk in said city.    The cause was fully tried and the evidence very voluminous, and the plaintiff recovered a verdict of $2,000.    The defendant made a motion to set aside the verdict, and impliedly to grant a new trial in the cause, on the minutes, on the grounds that the court erred in giving certain instructions to the jury, in rejecting certain instructions asked by the defendant, and because the verdict was contrary to the law and the evidence, and the damages excessive.    The motion was granted by the late Judge CONGER, before whom the cause· was tried, without giving any reasons therefor, and before the bill of exceptions was agreed upon by counsel Judge CONGER died.    In the certificate of the counsel on both sides, that the bill of exceptions contains all the evidence given on the trial, it is stated that the new trial was granted *upon the evidence* and not for any error in the instructions to the jury, and the cause was argued in this court upon the mutual concession that the new trial was granted because the verdict was against the evidence.    The question, even as thus limited, is a very broad one, and requires the consideration of the whole evidence, as we do not and cannot know what part, view, or bearing of the evidence influenced the mind of the presiding judge to grant the new trial.    The granting a new trial is within the discretion of the court, and its action is not to be reviewed or reversed unless there was clearly an abuse of such discretion.

It is certainly very difficult, if not impossible, to determine whether such discretion was abused in any given case, without knowing the subject matter upon which it was exercised, or the reasons which governed its exercise.

The judge before whom the cause was tried heard the testimony, observed the appearance and bearing of the witnesses and their manner of testifying, and was much better qualified to pass upon the credibility and weight of their testimony than this court can be. There are many comparatively trifling appearances and incidents, lights and shadows, which are not preserved in the record, which may well have affected the mind of the judge as well as the jury in forming opinions of the weight of the evidence, the character and credibility of the witnesses, and of the very right and justice of the case. These considerations cannot be ignored in determining whether the judge exercised a reasonable discretion or abused his discretion in granting or refusing a motion for a new trial. Being in utter ignorance of the considerations which operated upon the mind of the learned, impartial, and just judge before whom this cause was tried in granting the motion, perhaps we ought to stop here and not presume to challenge the exercise of his judicial discretion, and to look through this voluminous mass of testimony to find grounds for holding that he abused his discretion. The abuse of his discretion must appear or be found in some way before we can disturb his ruling upon the motion.. The question is not whether, from the limited knowledge of the testimony and its weight to be obtained from this cold, impersonal, and lifeless transcript of the evidence, we would have granted a new trial in the case; but it is rather whether the judge who had many more and far more reliable facilities for exercising a reasonable discretion than we can have, *abused* that discretion. The difficulty of the case is apparent. But we have been asked to examine the evidence, and from that examination decide the question,

and out of deference to the distinguished counsel we have endeavored to do so. If, in that evidence, we find any reasonable ground for exercising the discretion of granting a new trial in the case, or if, in the evidence, we find any reason which would warrant such an exercise of judicial discretion, then the order should be affirmed.

It would be improper and might prejudice the rights of the parties on another trial for us to comment to any extent upon the testimony or its effect, and we shall refrain from doing so. On carefully reading the evidence, we cannot resist the impression that there was considerable uncertainty and conflict (1) as to the precise location and character of the defect in the sidewalk which occasioned the plaintiff's injury; and (2) as to the extent, permanence, and consequences of that injury.

As to the defect in the sidewalk, was it where one plank was entirely gone, or where the plank was broken and part of it gone, or where a plank was broken near the middle and both pieces remained? There was evidence of each. The exact place should be ascertained as bearing upon the question of notice and the length of time the defect had existed.

As to the injury, there was a very wide disagreement in the medical evidence, and according to some of the medical witnesses the injury was slight and according to others it was very great, and the damages awarded are commensurate with very great injury. There might have been and probably was something in the health, mental condition, character, appearance, or manner of testifying of some of these medical witnesses which may have affected the weight which should be given to their testimony, and which induced belief in the mind of the learned judge that the injury was exaggerated and the damages awarded excessive.

We think, in view of the uncertain and contradictory character of the evidence on these two most important and

material questions in issue, the learned judge might have thought it safer and better that another jury pass upon this evidence, or as it might be modified or corroborated by more or other testimony, in order to more certainly secure the ends of justice.

In this view of the case we cannot say that the learned judge transcended a reasonable discretion, or abused his own discretion, in granting a new trial. We not only regret and lament the death of the learned and just judge who tried this cause, as a loss to the profession both on the bench and at the bar, but regret that he withheld his reasons for his judicial action on this motion, nearly the last of his official acts, almost necessary to be known for an intelligent decision of this question, until they passed with himself beyond the possibility of human knowledge. The uncertainty and contradictory character of the evidence are sufficient reasons for exercising the discretion of granting a new trial. *Van Valkenburg v. Hoskins,* 7 Wis., 498; *Lewellen v. Williams,* 14 Wis., 687; *Goodnough v. City of Oshkosh,* 24 Wis., 549; *Duffy v. C. & N. W. Railway Co.,* 34 Wis., 193; *Pound v. Roan,* 45 Wis., 130; *Smith v. Lander,* 48 Wis., 591.

*By the Court.*— The order of the circuit court is affirmed.