Evans, Appellant, vs. Rugee, Respondent.

*March 11 — March 31, 1885.*

*New trial — Discretion.*

The granting of a new trial rests in the sound discretion of the trial court, and its action will not be disturbed unless it is manifest that there was an abuse of such discretion.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

" This action is to recover the value of certain personal property claimed by the plaintiff under and by virtue of a bill of sale to her from her husband, Francis C. Evans, alleged to have been taken and converted by the defendant. The defendant admitted the taking and conversion, but justified under a writ of attachment, judgment, and execution

Evans vs. Rugee.

in favor of the creditors of the husband. On the former trial the defendant obtained judgment, which was reversed by this court for intervening error in the record. 57 Wis. 623. The cause being remanded was again tried, and a special verdict found in favor of the plaintiff, upon which the plaintiff moved the trial court for judgment. Before the hearing of the motion the defendant moved the court to set aside the verdict, and for a new trial upon the minutes of the court, the record, and files in the action. The plaintiff thereupon offered to remit certain items from the verdict. Both motions having been argued, and by consent taken under advisement until a subsequent term, at such term it was ordered by the court that the plaintiff's motion for judgment be, and the same was, denied, and the defendant's motion to set aside the special verdict, and for a new trial, be, and the same was, granted and ordered. From both parts of the order the plaintiff appeals."

For the appellant the cause was submitted on the brief of *J. C. McKenney*, of counsel.

For the respondent there was a brief by *E. P. Smith* and *D. G. Rogers*, attorneys, and *J. M. Pereles*, of counsel, and the cause was argued orally by *Mr. Pereles*.

CASSODAY, J. The real issue tried was whether the bill of sale from the husband to the wife was made in good faith and for a valuable consideration, or with the intent to defraud the creditors of the husband. The fraudulent intent in such case is usually one of fact for the the jury and not for the court. Sec. 2323, R. S.; *Hyde v. Chapman*, 33 Wis. 391; *Barkow v. Sanger*, 47 Wis. 500; *Mehlhop v. Pettibone*, 54 Wis. 656; *Greene & Button Co. v. Van Vechten*, *ante*, p. 16.

There seems to have been sufficient evidence here to sustain the verdict. But error may have intervened, or some other satisfactory reason not apparent to us may have in-

duced the trial court to set aside the verdict and grant a new trial. We cannot assume that the court made the order it did without a reason, merely because no reason therefor is apparent to us from the record. It does appear, however, that the court made the order after "being duly advised." The exercise of such power is necessarily vested in the sound discretion of the trial court. When exercised by that court, it will not be interfered with by this, unless it is clearly manifest from the record that there has been an abuse of such discretion. *McLimans v. Lancaster*, 57 Wis. 297; *Seaman v. Burnham*, 57 Wis. 568. The learned counsel for the plaintiff makes no claim that any rule of law has been violated, and points out no particular wherein it is claimed that there was any abuse of such discretion. This being so, we do not feel called upon to sharply scrutinize the voluminous record before us, in order to discover whether there has in fact been any such abuse of discretion.

*By the Court.*— The order of the circuit court is affirmed.