MULLEN and others, Appellants, vs. REINIG, Garnishee, etc., Respondent.

*March 1— March 22, 1887.*

*New trial: Discretion: Appeal to S. C.: Bill of exceptions.*

1. The granting of a new trial at the cost of the defeated party is within the discretion of the trial court, and its order will not be reversed unless there was a manifest abuse of such discretion, or unless it affirmatively appears from the record that the order was based upon a misapprehension of law.

2. The reasons for granting a new trial, as delivered in writing by the trial judge, are not a part of the record unless they are shown by the certificate to the bill of exceptions to have been made a part thereof.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that, December 24, 1884, the defendant, Haberkorn, made a general assignment for the benefit of his creditors to the garnishee, *Reinig;* that December 26, 1884, the plaintiffs commenced an action against Haberkorn, and at the same time served garnishee summons and affidavit therein upon him and the garnishee, *Reinig;*

that January 8, 1885, the garnishee appeared in the action by the service of notice of retainer by his attorneys therein; that on the same day the assignee by affidavit denied any indebtedness or liability to the defendant or having in his possession any of his property, credits, or effects; that January 10, 1885, the plaintiffs gave notice of their election to take issue on the answer of the garnishee; that Haberkorn put in no appearance and made no contest; that January 16, 1885, the plaintiffs recovered judgment in the principal action against Haberkorn for $558.23 damages and costs, and docketed the same; that, on the trial of the garnishee issues thus formed, the jury, under the charge of the court, found for the plaintiffs, and assessed their damages at $558.23, with interest at the rate of seven per cent. per annum from January 16, 1885; that thereupon, and at the same term of the court at which said trial was had and said verdict was rendered, and on motion of the attorneys for the garnishee therefor, made November 10, 1885, and after the hearing of counsel for the respective parties thereon, " and the court being fully advised," it was ordered by the court, in effect, January 4, 1886, that the motion for a new trial be, and the same was thereby, " granted, on the payment of ten dollars attorney's fees, clerk's fees of the term, and plaintiffs' costs and disbursements of the term, by the garnishee." From that order the plaintiffs appeal.

*C. K. Pier*, for the appellants.

*Edw. S. Bragg*, for the respondent.

CASSODAY, J. The evidence taken upon the trial of the issues in garnishment, and preserved in the bill of exceptions and printed case, is quite voluminous. An elaborate argument was made upon the merits at the bar, and a like argument is presented in the printed brief of the learned counsel for the plaintiffs, to the effect that the verdict was fully justified by the evidence, and hence was improperly

set aside.  In relation to that it is enough to say that the evidence in favor of the plaintiffs is not so conclusive of fraud as to justify this court in holding that the order setting it aside and granting a new trial was an abuse of discretion.  Besides, some error may have intervened, or some other satisfactory reason, not apparent to us from the record, may have induced the making of the order.  The recital in the order, of "the court being fully advised" when it made the same, precludes the assumption of its being made without good reason merely because none is apparent to us from the record.  It is to be remembered that the setting aside of a verdict, and granting of a new trial, at the term of its rendition and at the cost of the party beaten, as here, is not only within the discretion of the trial judge, but, as a general rule, his action will not be reversed unless it clearly appears from the record that there has been an abuse of such discretion. *Evans v. Rugee*, 63 Wis. 31; *McLimans v. Lancaster*, 57 Wis. 297; *Seaman v. Burnham*, 57 Wis. 568, and cases there cited.  The only exception to this rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law. *Fairbanks v. Holliday*, 59 Wis. 80, and cases there cited.  Such misapprehension, when thus made to appear, is an error of law which obviates the necessity of determining whether there was any such abuse of discretion. *Smith v. Dragert*, 61 Wis. 223.  Counsel seek to bring this case within such exception.  But neither the motion nor the order states, or purports to state, the grounds, or any ground, upon which the motion was based.  A motion based upon irregularities usually specifies particularly the irregularity complained of.  Sec. 1, Circuit Court Rule XI.  When an order of the court or judge is based upon any record, petition, affidavit, or other paper, read or used upon the hearing, it is required to be referred to therein.  Sec. 6, Circuit Court Rule XI.  As this order contains no such reference, we must assume

that it was based upon the minutes of the court and the proceedings, or some proceeding or occurrence upon or connected with the trial or motion and not of record.

Counsel claim the case to be within the exception stated, and this is based upon what is said to be "the reasons and grounds for setting aside the verdict of the jury as made in writing by the trial judge." But the only certificate of the trial judge making anything of record in the case is in the words and figures following: "And because the said *evidence, rulings,* and *charges, requests,* and *exceptions* hereinbefore set forth and mentioned, do or do not appear upon the record of said trial in said action, therefore the said judge hath to this bill of exceptions, after due notice to the defendant's attorneys, set his hand and seal and made the same hereby a part of the record in said cause; and doth hereby certify that this bill of exceptions, settled this day, contains all the *evidence* given, *charge* given, and *requests, rulings, objections, and exceptions* made on the *trial* of said cause, and minutes of the court, and pleadings *necessary to the issues involved.* Witness the official signature of Hon. N. S. Gilson, the trial and circuit judge, this 22d day of March, 1886. N. S. Gilson, Judge."

This certificate does not purport to make the "reasons" or "grounds" for setting aside the verdict a part of the record. We have no power to enlarge the scope of the certificate or remake the record. Of course, there are certain papers, including the pleadings and order appealed from, which are of record without any bill of exceptions or certificate of the trial judge. But none of the evidence, charge, instructions, requests, rulings, objections, exceptions, reasons, statements, or proceedings upon the trial or motion for a new trial, are a part of the record unless made so in the manner provided by statutes, rules of court, or practice. It follows that while the ruling of the court in setting aside the verdict and granting a new trial is

made a part of the record by the certificate of the judge, yet none of his reasons or grounds for so doing are made part of the record, and hence they are not before us for consideration. *Bunn v. Valley Lumber Co.* 63 Wis. 630. Certainly such "reasons and grounds·" are no part of the evidence, charge, requests, rulings, objections, or exceptions made on the trial of the cause, and minutes of the court. Besides, the trial court may have had other reasons than those mentioned for making the order complained of. · It may be questionable whether an assignee, under an assignment void upon its face or for a fraud in which he participated, would be protected for expenses in defending the same. But the question is not here, and we express no opinion upon it. Since the record does not make it appear affirmatively that the order was based upon any misapprehension of law, we cannot hold that there was any error of law in making it.

*By the Court.*— The order of the circuit court is affirmed.