WARNER, Respondent, vs. MICHELSTETTER, Appellant.

*October 15 —November 5, 1890.*

*New trial: Misapprehension of law: Appeal.*

To justify the reversal of an order granting a new trial on the ground that it was based upon a misapprehension of law, such misapprehension should appear in the order itself.

APPEAL from the Circuit Court for *Outagamie* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that this is an action for money had and received by the defendant as agent for the plaintiff in the sale of lands; that the defense is a general denial and new matter alleged; that, June 23, 1889, a judgment was rendered in justice's court in favor of the plaintiff; that, October 14, 1889, a verdict was rendered in the circuit court, on appeal, in favor of the defendant; that, October 26, 1889, the plaintiff moved the court upon the minutes, records, pleadings, files, and proceedings in said cause to set aside said verdict and grant a new trial on eight grounds specifically named; that, November 8, 1889, the court made an order thereon, without reciting therein any ground for the same, setting aside said verdict and granting a new trial; that, January 9, 1890, the defendant appealed from said order to this court; that, July 12, 1890, the judge of said court signed a bill of exceptions wherein it is stated in effect that in granting said motion for a new trial the said court held that in giving the instructions to the jury the letter of the defendant and wife to the plaintiff, dated April 15, 1889, in evidence, was overlooked by the court, and that the court should, in the said instructions to the jury, have more particularly called the jury's attention to the contents of said letter, and that, because the court had not done so, the verdict ought to be set aside and a new trial granted; that said order was made for that reason, and for none other.

*Humphrey Pierce*, for the appellant.

For the respondent there was a brief by *Henry D. Ryan*, and the cause was argued orally by *W. S. Warner*, the respondent, in person.

CASSODAY, J. The motion for a new trial upon the grounds therein stated was very much within the discretion

of the trial court. An order granting such new trial will not ordinarily be disturbed unless it is apparent from the record that there has been an abuse of such discretion. It does not so appear in the case at bar. The only exception to the rule is when it affirmatively appears from the record that such order is based upon a misapprehension of the law applicable. *Mullen v. Reinig*, 68 Wis. 410. When such misapprehension exists and is relied upon, it is usually made to appear in the order itself, and in fact should so appear. The order before us for review reveals no such misapprehension. For aught that appears in the order, it may have been granted upon any of the eight grounds specified in the motion. Had the trial court denied that motion, the plaintiff might have appealed from any order made thereon, within the statutory period. But the court granted the motion, and two months thereafter, and on January 9, 1890, the defendant appealed from the order made thereon. More than eight months after making the order, the trial judge settled and signed a bill of exceptions purporting to state the only ground upon which he granted the motion as mentioned in the foregoing statement. The ground so stated is not among those enumerated in the motion. No such order upon such ground was asked for by the plaintiff. It may be questionable whether the order could be sustained upon that ground. It is enough here to know that the practice of making such misapprehension of law appear by bill of exceptions instead of in the order itself is contrary to the repeated decisions of this court. *Rogers v. Hœnig*, 46 Wis. 361; *Webster v. Oconto Co.* 47 Wis. 227; *Mullen v. Reinig*, 68 Wis. 410. As indicated in the first of these cases by Mr. Justice ORTON, the order is without qualification or reservation, and must therefore be held to be conclusive until modified in some proper way. Even such statement of the trial judge in the bill of exceptions cannot be imported into the order, nor have the effect of changing,

modifying, or impeaching it. Especially should this be so, where, as here, the ground embodied in such statement is outside of those enumerated in the motion.

*By the Court.*— The order of the circuit court is affirmed.