Schraer vs. Stefan.

Schraer, Appellant, vs. Stefan, Respondent.

*November 21 — December 15, 1891.*

*(1, 2) New trial: Statement of reasons for granting: Terms. (3) Appeal: Dismissal: Bill of exceptions.*

1. An order granting a new trial need not state the grounds upon which it is made, though it is better practice for it to do so.
2. Where the trial court refused to state in the order the reasons for granting a new trial, the presumption is that it was granted because

the court thought the verdict was against the weight of evidence; and in such case it is error not to impose terms.

3. Irregularities in settling the bill of exceptions constitute no reason for dismissing the appeal, where the errors material in the determination of the appeal appear without the bill of exceptions.

APPEAL from the Circuit Court for *Ashland* County.

Action for libel. A trial thereof resulted in a verdict for plaintiff, assessing her damages at $1,500. Defendant moved to set aside the verdict and for a new trial on the grounds that the court made various erroneous rulings on the trial; that the verdict is unsupported by evidence; that it is against the weight of evidence; and that the damages are excessive. The motion was granted without terms and without any statement of the reasons for granting it. The plaintiff thereupon moved the court to modify the order granting the new trial so that it shall specify the grounds upon which it was made, and also that terms be imposed upon the defendant as a condition thereof. The court denied the motion. The plaintiff appeals from the order setting aside the verdict and granting a new trial, and from the order refusing to modify it.

*John F. Dufur*, for the appellant.

*J. J. Miles*, for the respondent.

LYON, J. We are aware of no rule of law which requires the circuit court to specify, in an order setting aside a verdict and granting a new trial, the grounds upon which it is made, although it is the better practice to do so. This court has affirmed many such orders which contained no statement of the reasons which prompted the court to grant them. *McLimans v. Lancaster*, 57 Wis. 297; *Mullen v. Reinig*, 68 Wis. 408; *Warner v. Michelstetter*, 77 Wis. 674. No one would think of attempting to compel the trial judge to specify his reasons for any other ruling made during the progress of a cause, as, for instance, in sustaining or overruling a demurrer, striking out pleadings or portions of

Schraer vs. Stefan.

them, admitting or rejecting testimony, giving or refusing instructions proposed by a party, and the like. No reason is suggested why the court should be required to state his reasons for granting a new trial which are not equally applicable to an order respecting any of the above matters. We conclude that it was not error to deny plaintiff's motion for a modification of the order so that the reasons for making it shall appear therein.

As to the imposition of terms, the general rule is that a new trial should be granted only on the terms that the moving party pay the costs of the former trial. Cases in which the verdict is perverse or entirely unsupported by evidence, or in which the court has misdirected the jury as to the law of the case, are exceptions to the above rule. *Pound v. Roan*, 45 Wis. 129; *Smith v. Lander*, 48 Wis. 587; *Schweickhart v. Stuewe*, 75 Wis. 157. The fact that the circuit court refused to state the grounds upon which the new trial was granted raises the presumption, nothing to the contrary appearing in the record, that the new trial was granted in the exercise of its discretion, because the court disapproved the verdict. Presumably the court thought the verdict was against the weight of evidence. In such case the court should have imposed terms, and the refusal to do so is error.

A motion was made on behalf of defendant to strike off the bill of exceptions and to dismiss the appeal, because of certain alleged irregularities in settling the bill. Certainly no good reason is shown for dismissing the appeal, and the alleged irregularities of practice are not material in the determination of the appeal, for the result would be the same were there no bill of exceptions. The motion must therefore be denied.

*By the Court.*— Both of the orders appealed from are reversed, and the cause will be remanded with directions to the circuit court to grant a new trial on the terms that defendant pay the costs of the former trial.