HOFFMAN, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.
HOFFMAN, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*November 11 — November 28, 1893.*

*New trial for misconduct of juror: Appeal: Bill of exceptions: Terms.*

1. Where an order granting a new trial on the ground of misconduct of a juror is based on the minutes of the court and certain affidavits, it will not be disturbed on appeal if such minutes are not before the appellate court, even though the affidavits do not sufficiently establish the alleged misconduct.

472    SUPREME COURT OF WISCONSIN.    [86

Hoffman vs. The Chicago, Milwaukee & St. Paul R. Co.

2. Where the successful party is not responsible for the misconduct of a juror, and such misconduct does not of itself render the verdict of the whole jury a perverse verdict, the granting of a new trial because of such misconduct is a matter of discretion, and it should be granted only on the terms that the moving party pay the costs of the former trial.

APPEALS from the Circuit Court for *Wood* County.

The action is to recover damages for the alleged negligent starting of a fire by defendant railway company on its right of way in Wood county, which fire spread over plaintiff's cranberry lands and destroyed the crop and plants growing thereon. The action was tried before the court and a jury, and the plaintiff had a verdict. At the same term a motion, founded on the minutes of the court, was made on behalf of the railway company to set aside the verdict and for a new trial. Several grounds of motion are stated, one of which is as follows: "Because the juror Michael Mathews did not fully, fairly, and truthfully answer the questions propounded to him on his *voir dire*, as is shown by the affidavits attached hereto of John T. Fish, Charles E. Lester, and George B. McMillan." The motion was granted, on the terms that the defendant pay the costs of the trial. It is stated in the order granting a new trial that "the same is hereby granted for the reason that Michael Mathews, one of the jurors who participated in the trial of said action, was guilty of misconduct on said trial in not fully, fairly, and truthfully answering the questions propounded to him on his *voir dire*, and was not an impartial juror." The plaintiff appeals from the order granting a new trial, and the defendant railway company appeals from that portion of such order which requires it to pay costs of the trial.

For the plaintiff there were briefs by *Gardner & Gaynor*, attorneys, and *Geo. L. Williams*, of counsel, and oral argument by *Geo. R. Gardner*.

Hoffman vs. The Chicago, Milwaukee & St. Paul R. Co.

For the defendant there were briefs by *C. H. Van Alstine*, attorney, and *John T. Fish*, of counsel, and oral argument by *Mr. Fish.*

Lyon, C. J.   1. The motion for a new trial is based upon the minutes of the court, and certain affidavits are referred to therein which were attached to and served with the motion.   Such affidavits are in the record returned to this court.   There is no bill of exceptions in the case, and nothing whatever in the record to show what papers were used on the hearing of the motion.   We can only presume that inasmuch as the motion was founded on the minutes of the court, and certain affidavits are referred to in the motion and were served therewith, such minutes and affidavits were used on the hearing and are the basis of the order granting the motion.   But these minutes are not here, and hence, should the court be of the opinion that the affidavits, considered by themselves, do not sufficiently establish the alleged misconduct of the juror as found by the circuit court, still this court cannot say that the minutes do not clearly show such misconduct and want of impartiality on the part of the juror.   For that reason we cannot properly disturb the order founded upon the existence of such misconduct and want of impartiality.   It is too well settled to admit of discussion that an appellate court will not review findings of fact unless it has before it all the testimony upon which the findings were made.   The order in question rests upon a finding of fact which, if true, justifies the order, and the record shows affirmatively that all the proofs on which the finding is made have not been returned to this court.   All that we can do is to presume that such proofs are sufficient to support the order.

2. On the appeal of the railway company it need only be said that the misconduct of a juror in the particular mentioned in the order does not of itself render the verdict of

the whole jury a perverse verdict, or bring the case within any of the exceptions to the general rule that a new trial should be granted only on the terms that the moving party pay the costs of the former trial. *Schraer v. Stefan*, 80 Wis. 653, and cases cited. Those exceptions are stated in the above case to be when the verdict is perverse or entirely unsupported by evidence, or in which the court has misdirected the jury as to the law of the case. It should be observed there is no claim that the plaintiff was responsible for the misconduct of the juror. Had he been responsible therefor, or in any manner connected therewith, the case might and probably would furnish another exception to the general rule just stated in respect to costs. The new trial was really granted by the court, not as matter of strict right, but in the exercise of its sound discretion, and the case is within the general rule above stated in respect to costs.

*By the Court.*— The order of the circuit court is affirmed on both appeals.