## THE PERRY, MATTHEWS-BUSKIRK STONE COMPANY *v.* WILSON.

[No. 20,025.   Filed April 21, 1903.]

APPEAL AND ERROR.—*Briefs.*—*Waiver of Error.*—*Complaint.*—Where appellant failed to set forth in its brief a copy of the complaint, or the substance thereof, and the demurrer thereto as required by clause five of rule twenty-two of the Supreme Court, an assignment based upon the action of the court in overruling the demurrer to the complaint will be deemed waived. *p. 437.*

SAME.—*Briefs.*—*Interrogatories to Jury.*—*Waiver of Error.*—An assignment that the court erred in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict, is waived by failure of appellant to set out in its brief a copy of the interrogatories and answers, or the substance or a condensed recital of the answers, as required by rule twenty-two of the Supreme Court. *p. 437.*

SAME.—*Rules.*—*Briefs.*—Where clause 5 of rule 22 of the Supreme Court, requiring a concise statement of so much of the record as fully presents every error and exception relied on is wholly disregarded, the appeal will be dismissed; when the rule is disregarded in part, the questions will be decided to the extent the rule has been complied with. *p. 438.*

TRIAL.—*Interrogatories.*—*Failure to Answer.*—*Conflicting Evidence.*—*Verdict.*—Where in answer to an interrogatory the jury wrote "the evidence is conflicting," the court erred in overruling a motion to require the jury to answer the interrogatory, as it was the duty of the jury to answer the interrogatory according to the preponderance of the evidence the same as it was to render a general

verdict, and if there was no preponderance either way, the jury should have answered the same against the party having the burden of proof as to the fact inquired about, and, if unable to agree upon the answer, they should have reported the same to the court and the court should have discharged them on account of such disagreement, the same as where the jury can not agree upon a general verdict. *pp. 438, 439.*

TRIAL.—*Misconduct of Counsel.*—Statements made by counsel for plaintiff, in argument to the jury, in an action against a stone company for personal injuries, showing the large number of men killed in quarries, and that public policy demanded·that the juries assess such damages against all the parties, and against this defendant in particular, as would fully compensate for all damages sustained, in order to compel the owners of stone quarries in general, and this defendant in particular, to exercise more care in the management of the quarries, were improper, and prejudicial to the rights of defendant, and should have been withdrawn from the jury, upon motion of defendant, and the jury instructed to disregard the same. *pp. 439-441.*

From Monroe Circuit Court; *Newton Crooke,* Special Judge.

Action by Walter A. Wilson against the Perry, Matthews-Buskirk Stone Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*H. C. Duncan* and *I. C. Batman,* for appellant.

*J. R. East, R. H. East* and *McHenry Owen,* for appellee.

MONKS, J.—This action was brought by appellee to recover damages for personal injuries received by him while in appellant's employ in its stone quarry as a "breaker" or "capper." A trial by a jury resulted in a general verdict against appellant in favor of appellee.

It is claimed by appellee that neither the complaint, demurrers, nor answers are properly in the record. The reasons urged by appellee to sustain this contention are the same as those urged by the appellee in *Southern Ind. R. Co.* v. *Martin, ante,* 280, and upon authority of that case we hold that the pleadings are properly in the record.

The errors assigned and relied upon for reversal by appellant are:   (1) The court erred in overruling appellant's demurrer to the third paragraph of complaint; (2) the court erred in overruling appellant's motion for a judgment in its favor on the answers of the jury to the interrogatories notwithstanding the general verdict; (3) in overruling appellant's motion for a new trial.

On account of appellant having failed to set forth in its brief a copy of the third paragraph of the complaint, or the substance thereof, and the demurrer thereto, as required by clause five of rule twenty-two of this court, the first assignment of error is waived.

Appellant has not set forth in its brief a copy of the interrogatories and answers of the jury thereto, nor is the substance of said answers or a condensed recital thereof contained in said brief as required by said rule.   Some cases require the exact language of pleadings, interrogatories, etc., and in others the substance may be sufficient. Elliott, App. Proc., §440.   For this reason the second error assigned is waived.

All but two of the grounds assigned for a new trial are waived for the same reason.

When said rule is properly complied with, all the questions presented by the assignment of errors can be determined by an examination of the briefs.

It was said by this court, in *McElwaine-Richards Co.* v. *Wall,* 159 Ind. 557:   "The evident purpose of rules twenty-two and twenty-three in requiring that the appellant and appellee shall make the respective statements therein mentioned, was to relieve the court of the labor of searching the record in order to ascertain whether the errors complained of are sustained thereby.   It will be observed that rule twenty-three exacts of the appellee the duty in his brief to point out any omissions or inaccuracies in the statement made by appellant in respect to the record.   It is evident, therefore, that these respective rules subserve

another important purpose in the furtherance of business pending in this court; that is, that all of the members thereof will be enabled to consider the errors involved through and by means of an examination of the respective briefs, without necessarily being required to resort to an inspection of the transcript." If this rule is wholly disregarded in an appeal, the result is a dismissal, the same as if no brief had been filed within sixty days after submission, as required by rule twenty-one. *Portland Co.* v. *United States,* 15 Wall. (U. S.) 1, 21 L. Ed. 113; *Beck* v. *O'Connor,* 21 Mont. 109, 114, 115, 53 Pac. 94; *Heath* v. *Silverton, etc., Co.,* 39 Wis. 146, 159; *Huffman* v. *Chicago, etc., R. Co.,* 86 Wis. 471, 56 N. W. 1093; *Smith* v. *Wells Mfg. Co.,* 144 Ind. 266, 270, 271; *Stephens* v. *Stephens,* 51 Ind. 542; Ewbank's Manual, §§21, 179, 222. When the rule is not wholly disregarded, the questions presented by the assignment of errors, to the extent the rule is complied with, will be determined, and the others will be considered waived. *Pittsburgh, etc., R. Co.* v. *Wilson* (Ind. Sup.), 66 N. E. 899, and cases cited.

The jury wrote, as an answer to interrogatory number thirty-nine, submitted by the court, "The evidence is conflicting." No answer was made to interrogatory number forty, which was to be answered in the event the thirty-ninth was answered in the affirmative. These interrogatories were upon the question of appellee's knowledge of the defect in the stone, the fall of which injured him, and his opportunity of knowing of such defect. Appellant at the proper time asked that the jury be required to answer said interrogatories, and objected to the discharge of the jury until the same were answered. The court overruled said motion and discharged the jury, to which rulings of the court appellant objected, and assigned the same as causes for a new trial. If there was no evidence on the subject embraced in the interrogatories, then the jury might

have answered, "no evidence;" but, if there was a conflict in the evidence on that subject, it was the duty of said jury to answer the same according to the preponderance of the evidence, the same as it was to render a general verdict. If there was no preponderance either way, then the jury should have answered the same against the party who had the burden of proof as to the fact inquired about. If the jury were unable to agree upon the answers to said interrogatories, it was their duty to report such fact to the court, and, if finally unable to agree, the court should have discharged the jury on account of such disagreement, the same as in a case where a jury can not agree upon a general verdict. In such case there is no verdict returned. *Maxwell* v. *Boyne,* 36 Ind. 120, 126; *Rowell* v. *Klein,* 44 Ind. 290, 293, 294, 15 Am. Rep. 235. It is evident that the court erred in not requiring the jury to answer said interrogatories.

Counsel for appellee, in the opening argument to the jury, spoke of the necessity of the jury finding for appellee, in order to make the stone quarry companies more careful, and "spoke of a man named Moore, at Mitchell, who had been killed by a falling stone in a quarry; and of a man killed in the same way in appellant's quarry within the last two months; of a man named Jenkins, who had been killed within the last two weeks in a stone quarry a short distance north of town; of a man who had been killed and three men who had been injured within the past week in a stone quarry a short distance south of town by the falling of a 'traveler,' which said attorney said was 'rotten;' that public policy demanded that the juries assess such damages against all these parties, and against this defendant in particular as will fully compensate for all the damages sustained, in order to compel the owners of stone quarries in general, and this defendant in particular, to exercise more care in

the management of the said quarries; further saying that in no other way could owners of stone quarries in general, and this defendant in particular, be induced to exercise that care and caution that the law required, and asking the jury if they would give this man what is right, or would say: 'Go on killing men; go on rolling stones down on men and killing them.'" Objections were made to said statements of counsel, and the court was asked to withdraw the same from the jury, which objection and motion to withdraw said statements were made at the proper times, and over-ruled by the court, to which rulings proper exceptions were taken.

The statements of counsel complained of were outside the record, and were calculated to prejudice the rights of appellant. Whether employes were injured in other quarries in that vicinity, or in the quarry in which appellee was injured, could not affect the liability of appellant in this action. Appellee's right to recover depended upon the evidence properly admissible under the issues, and he had no right to recover merely because employes in the same or other quarries had been injured.

If appellee had been permitted, over objection, to introduce evidence as to the injury of the persons named by counsel for appellee, the admission of such evidence would have been erroneous, and, unless shown by the record to have been harmless, would have constituted reversible error. The presumption is, that statements such as were made by appellee's counsel were prejudicial to appellant, and the burden is upon appellee to show by the record that no injury resulted. *Nelson* v. *Welch,* 115 Ind. 270, and cases cited; *St. Louis, etc., R. Co.* v. *Myrtle,* 51 Ind. 566, 576-580; *Campbell* v. *Maher,* 105 Ind. 383; *School Town of Rochester* v. *Shaw,* 100 Ind. 268, 270-273; *Rudolph* v. *Landwerlen,* 92 Ind. 34, 38-40; *Ferguson* v. *State,* 49 Ind. 33; *Brow* v. *State,* 193 Ind. 133, 136-138; *Chicago, etc., R. Co.* v. *Marlin,* 28 Ind. App. 468, 471-473, and cases cited.

It was the duty of the court, when objection was made by appellant's counsel, if not before, promptly and unequivocally to withdraw such statements from the jury, and instruct the jury to disregard the same, and require appellee's counsel to desist therefrom.    As was said by this court in *Nelson* v. *Welch,* 115 Ind. 270, 272: "When the party who is injured by the wrong calls for the intervention of the court by an objection, it will not do for the court to remain silent, leaving the matter of misconduct with the offending party and the jury.    The court is bound to interpose when so called upon, and if an improper or injurious statement has been made without excuse, the effect of it should be erased from the minds of the jury then and there, by an emphatic and explicit admonition of the court.    The jury should be made to understand that in making the statement counsel violated the propriety of his position, and that if they did not wholly disregard it they would violate their duties as jurors."    No attempt was made by the court to correct or remedy said misconduct of counsel.    It is clear, under the authorities, that the court erred in overruling appellant's said objection and motion.

Judgment reversed, with instructions to sustain the motion for a new trial.