R. CONNOR COMPANY, Appellant, vs. GOODWILLIE and another, Respondents.

SAME, Respondent, vs. SAME, Appellants.

*February 4—February 23, 1904.*

*New trial: Discretionary orders: Costs: Appealable orders: Practice.*

1. The granting of a new trial is within the discretionary power of the court, and will not be reviewed on appeal unless the court has abused its discretion.
2. On the granting of a motion for a new trial costs should be imposed upon the moving party, unless it appears that the new trial is granted upon the ground that the verdict is perverse, or is entirely unsupported by the evidence, or by reason of a misdirection of the jury as to the law.
3. An order coming within the class denominated "discretionary orders," there being no abuse of discretion, is not appealable, and the appeal therefrom should be dismissed.

APPEALS from an order of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Dismissed.*

Plaintiff is a corporation, with headquarters at Marsh-

field, engaged in the manufacture of lumber, and does a general lumbering business. Defendants were copartners owning and operating a box factory at Wausau. Plaintiff sets up four causes of action on contracts for the sale of lumber to defendants. It alleges delivery of a part of the lumber, and only part payment by defendants for that which was delivered. It claims damages resulting from defendants' breach of the contracts in refusing to accept the lumber delivered, and which it offered to deliver, under the contracts. Defendants deny breach of the contract, and allege their willingness to perform, and assert that the lumber offered them did not comply with the contracts. They claim that they were ready and willing to perform at all times until plaintiff refused to fulfill its obligations imposed by the agreements, and they therefore counterclaim on the ground of expense incurred in providing themselves with lumber in place of that purchased from plaintiff under the contracts, and further allege damages on account of the increase in the cost of the lumber purchased by them to make this substitution. They admit their indebtedness for some small sums. The case was tried before a jury, who found a verdict in plaintiff's favor, awarding damages for the sum of $5,204. After verdict there was a motion for a new trial on the grounds that the court erred in the admission and rejection of evidence; because of instructions given, and refusal to give instructions requested; "for the reason that the said verdict is contrary to law and against the weight of evidence;" and because the damages were excessive and against the evidence. The court granted a new trial upon condition that defendants pay the costs of the former trial. Both parties appealed. The defendants appeal from that part of the order taxing the costs against them as a condition of granting the new trial. Plaintiff appeals from the whole order.

For the plaintiff there were briefs by *Goggins & Brazeau* and *T. C. Ryan,* and oral argument by *Mr. Ryan.*

For the defendants there were briefs by *W. H. Mylrea,* attorney, and *Brown, Pradt & Genrich,* of counsel, and oral argument by *Neal Brown.*

SIEBECKER, J. This action is brought by plaintiff to recover damages for alleged breaches of contracts for the sale of lumber by it to defendants. The defendants deny liability, and counterclaim for damages; charging that plaintiff breached the agreements in failing to deliver the lumber as required under the contracts. The cause was tried before a jury, and plaintiff recovered a verdict assessing its damages against defendants at $5,204.

After verdict, and before entry of judgment, the defendants made a motion to set aside the verdict, and to grant a new trial in the case on the minutes, upon the ground that the court erred to their prejudice in ruling upon testimony, in giving certain instructions, and in refusing those requested by them, and because the verdict is contrary to law and against the great weight of the evidence. Counsel for defendants urged these various grounds upon the court, and requested that the court specify the grounds upon which a new trial was granted. The court granted a new trial, but did not specify in the order upon what ground it granted it. It appears, however, from the opinion of the court when a new trial was granted, that it did not base its action upon error committed in ruling upon questions of evidence, or in submitting the case to the jury. The court must therefore have concluded that the verdict in the case was contrary to the weight of the evidence. The granting of a new trial is within the discretionary power of the court, and is not to be reviewed on appeal unless the court has abused its discretion. Such motions are addressed to the court, in furtherance of justice, and the power is to be exercised in accord with the "usages or principles which courts have learned by experience will  .  .  .  best promote the ends of justice,

but it is still left to the courts to determine whether a case is exactly like, in every color, circumstance, and feature, to those upon which the usage or principle was founded, or in which it has been applied." *Platt v. Munroe,* 34 Barb. 291. The evidence in the case is voluminous and contradictory upon the vital issues litigated. The trial court had many opportunities and advantages for obtaining information as to the weight of the testimony and the credibility of the witnesses during the progress of the trial which this court is necessarily unable to obtain, but which it cannot ignore in attempting to review the discretionary acts of the court. In view of the conflict of the testimony, and the different inferences that might be drawn by different minds, variously affected as to the weight of the testimony and the credibility of the witnesses, we deem it unprofitable and unnecessary to review it at length, to express our opinion upon the evidentiary facts. The superior advantages possessed by the trial judge to aid him in this respect may, according to the dictates of his judgment, have led him to the conclusion that the verdict was against the justice of the cause, and that a due regard for the rights of the parties required that a new trial should be granted as requested. *Van Valkenburgh v. Hoskins,* 7 Wis. 496; *McLimans v. Lancaster,* 57 Wis. 297, 15 N. W. 194; *Evans v. Rugee,* 63 Wis. 31, 23 N. W. 24.

Upon the appeal of defendants from that portion of the order which requires them to pay the costs of trial as a condition of granting a new trial, this court has held that the general rule is that such terms should be imposed upon the moving party, unless it appears that the new trial is granted upon the grounds that the verdict is perverse or is entirely unsupported by the evidence, or by reason of a misdirection of the jury as to the law. *Schraer v. Stefan,* 80 Wis. 653, 50 N. W. 778; *Hoffman v. C., M. & St. P. R. Co.* 86 Wis. 471, 56 N. W. 1093. The order appealed from coming within the class denominated "discretionary orders," and there

being no abuse of the discretion, it is not appealable, and the appeal should be dismissed. *McElroy v. Minn. P. H. Co.* 109 Wis., 116, 85 N. W. 119.

Many other questions were discussed by counsel, upon the theory that the order granting a new trial was predicated upon error committed upon the trial, instead of being granted in the discretionary power of the court. Under the ruling, the case must be remanded for a new trial, at which the state of the case may differ so widely from the case now before us that a discussion of the questions argued would be of no aid or benefit.

*By the Court.*—Both appeals are dismissed.