## TODD v. CAGE ET AL.

[No. 5,192.    Filed March 29, 1905.    Rehearing denied June 1, 1905.]

APPEAL AND ERROR.—*Briefs.*—*Appellate Court Rules.*—Where the only questions raised on appeal concern the answer and the sufficiency of the evidence, and neither the answer or its substance, nor the evidence or its substance, is set out in the appellant's brief, as required by Appellate Court rule 22, clause 5, the appeal will be dismissed.

From Tipton Circuit Court; *James F. Elliott,* Judge.

Action by Clement V. Todd against Thomas W. Cage and wife. From a decree for defendants, plaintiff appeals. *Appeal dismissed.*

*Gifford & Gifford,* for appellant.
*E. A. Mock* and *Coleman & Carter,* for appellees.

BLACK, J.—The appellant sued the appellees, Thomas W. Cage and Mary Cage, for the recovery of possession of certain land, and to quiet the appellant's alleged title thereto. It is assigned that the court erred in overruling the appellant's demurrer to the separate answer of Mary Cage.

Counsel for appellees direct attention to the failure of the appellant to comply with clause five of rule twenty-two of this court, with reference to this answer, the allegations of which are not shown in appellant's brief with sufficient fullness to inform us as to the character and substance of the pleading. The court overruled the appellant's motion for a new trial, based upon the alleged reasons that the court erred in directing the jury to return a verdict for the appellees, and that the verdict was not sustained by sufficient evidence. For a proper decision of these reasons for a new trial, it would be necessary to consider the evidence; but counsel for the appellant have failed to present in their brief any statement of so much of the record as would fully present the error and exception relied on, or any recital of the evidence in narrative form, so as to present the substance

thereof, as required by the rule above mentioned. Not without contravening our own rule, to which counsel for the appellees have called attention, could we interfere with the result reached in the trial court; and, the rule having been thus wholly disregarded, the appeal must be dismissed. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435.

Appeal dismissed.