Eggen, Appellant, vs. Fox, Respondent.

*March 16—April 5, 1905.*

*New trial:· Discretion: Appeal: Dismissal.*

1. The ordering of a new trial on its own motion is a matter within the discretion of the trial court, and is not to be reviewed on appeal unless there was an abuse of such discretion.
2. Where the specific grounds upon which a new trial was ordered on the trial court's own motion do not appear, it is presumed that the court acted within its discretionary power.
3. An appeal from a discretionary order will be dismissed if there was no abuse of discretion.

Appeal from an order of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Dismissed.*

This action was originally commenced in justice's court to recover for a breach of warranty on the sale of the judgment described in the pleadings. An appeal was taken from the judgment rendered in justice's court to the superior court of Milwaukee county. In superior court defendant was permitted to amend her answer by way of counterclaim, in which she charged that her signature to the instrument of assignment was procured by misrepresentation as to its contents; that she was thereby misled and induced to execute the assignment containing the provision "and hereby guarantee

that no part of such judgment has ever been [paid] ;" and that such stipulation in the assignment is contrary to the express agreement of ·the sale of the judgment to plaintiff. She therefore prayed that the assignment as written be re-formed by striking out the clause of warranty contained therein so as to conform to the agreement actually made, and, after such reformation, that the complaint be dismissed.

The case was tried in the superior court before the court and jury. The court determined to take the advice of the jury upon the facts involved upon the issue of reformation of the instrument of assignment. Evidence was produced by both parties upon the issues of the case, and the advice of the jury was taken by the court thereon. Plaintiff and defendant respectively moved for judgment. Under the evidence and the special question of fact found by the jury the court denied each of these motions, and thereupon, upon its own motion, ordered a new trial of the case. This is an appeal from the order granting a new trial.

*J. A. Eggen,* for the appellant.

For the respondent the cause was submitted on the brief of *McElroy & Eschweiler.*

SIEBECKER, J. The only question presented on this appeal is whether the court ruled correctly in ordering a new trial of the case upon its own motion. The power of the court to grant a new trial is unquestioned. The only question for consideration is, Did the court act properly in ordering the new trial? Such action by the court is clearly within· the field of discretion, and is not to be reviewed on appeal unless it appears that there was an abuse of this discretion. The court is presumed to have taken the course it did because it deemed it necessary in furtherance of justice, under the circumstances presented by the case. He had a full knowledge of the state of the case from which he was required to determine whether a due regard for the rights of the parties

and the justice of the cause required that a new trial should
be had. It is contended that the court mistook the law ap-
plicable to the case, in directing a new trial, in that it ap-
pears that the defendant was not entitled to any relief under
the pleadings and the evidence adduced. There is nothing
in the case to indicate the specific grounds upon which the
order was made, and, under this state of the record, it is
presumed that the court acted within its discretionary power.
Under the pleadings an issue of fact is presented, which
must be determined upon evidence before a final decision
of the case can be made. A review of the evidence can
serve no useful purpose, since the issue of fact must be de-
termined upon such evidence as may be produced upon a re-
trial. We are persuaded that there was no abuse of discretion
in granting a new trial. *Van Valkenburgh v. Hoskins,* 7
Wis. 496; *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98
N. W. 528; *Maxon v. Gates,* 112 Wis. 196, 88 N. W. 54.
This being an appeal from a discretionary order, and there
being no abuse of discretion, it must be dismissed. *McElroy
v. Minn. P. H. Co.* 109 Wis. 116, 85 N. W. 119; *R. Connor
Co. v. Goodwillie, supra.*

*By the Court.*—The appeal is dismissed.