LANGE, Respondent, vs. OLSON, Appellant.

*January 15—February 10, 1925.*

*Appeal: New trial: Discretion of court: Affirmance and reversal.*

1. Orders granted by the trial judge in the exercise of the discretion conferred upon him by sec. 2878, Stats., will not be reversed by this court unless there has been a clear or gross abuse of discretion; but where it is clear that the trial court, in setting aside or approving a verdict, proceeded upon an erroneous view of the law, his determination will be reversed. p. 659.

2. The exercise by the trial court of its power to set aside a verdict and grant a new trial does not trench upon or deny the right of trial by jury. p. 661.

3. Where a new trial is denied, if there is any credible competent evidence sustaining the verdict this court will not disturb the determination of the trial court. p. 661.

4. In an action for personal injuries, where there was credible competent evidence which would sustain a finding that plaintiff was not guilty of contributory negligence, the granting of a new trial on the ground that the finding of the jury that plaintiff was guilty of contributory negligence was contrary to the evidence will not be disturbed.  p. 662.

APPEAL from an order of the superior court of Douglas county: ARCHIBALD MCKAY, Judge.  *Affirmed.*

Personal injury.  This action was brought by the plaintiff to recover for personal injuries sustained by the plaintiff under the following facts: The defendant was driving a Chevrolet touring car south upon Tower avenue just beyond the limits of the city of Superior.  At the point where the accident occurred and for some distance upon each side, Tower avenue is paved for the width of nine feet in its center with concrete.  On each side of the concrete is a gravel strip about six feet in width, and just outside of the gravel upon each side is a ditch.  The road is the main traveled highway leading to the cemetery to the south.  The plaintiff and her husband were walking upon the roadway and had proceeded south from the end of the street-car line for a distance of about a mile.  They walked double file when there was no car coming.  As the cars passed them they walked in single file.  Shortly before the accident the plaintiff had looked back and had seen two cars coming from the north.  Shortly thereafter the second of these cars had turned to its left or to the east and passed the defendant's car and then almost at once had turned sharply over to the right to permit a car coming from the south to pass.  Defendant's car was meeting a car from the south at the time of the accident.  Defendant slowed down his car to a speed of about eight miles per hour.  The defendant proceeded southerly.  The plaintiff and her husband were walking single file.  The defendant was a few feet behind the car which he passed when the plaintiff stepped from behind her husband to his side toward the concrete without

looking back. She stepped near enough to the path in which defendant's car was traveling so that she was struck on the side of the left hip by the right-hand side of the right front fender of defendant's car, causing the injury. She fell against the left shoulder of her husband.

The jury found that the defendant's automobile injured the plaintiff; that the defendant was not in the exercise of ordinary care in the operation of his automobile at and immediately prior to the injury; that the defendant's failure to exercise ordinary care was the proximate cause of the injury; and also found the plaintiff guilty of contributory negligence which proximately contributed to cause her injury, and assessed the plaintiff's damages at the sum of $4,000. Upon motions after verdict the court entered an order denying the defendant's motion for judgment on the verdict and granting the plaintiff's motion to set aside the verdict and for a new trial, upon condition that plaintiff pay the costs of the former trial, and upon the ground and for the reason that the verdict of the jury in its answer to the fourth question of the special verdict (contributory negligence) is contrary to the evidence. From that order the defendant appeals.

For the appellant there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *C. J. Hartley*.

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford*.

ROSENBERRY, J. By sec. 2878, Stats., it is provided that a judge before whom an issue is tried may in his discretion set aside the verdict and grant a new trial because the verdict is contrary to the evidence and for other enumerated reasons. From an early day it has been held that orders granted by a trial judge in the exercise of the discretion conferred upon him will not be reversed by this court, even

if it is of the opinion that the circuit judge has erred, unless there has been a clear or gross abuse of discretion. *Van Valkenburgh v. Hoskins,* 7 Wis. 496.

There is an exception to this rule. Where a verdict has been set aside or approved and it is clear that the trial court proceeded upon an erroneous view of the law, his determination will be reversed. *Mullen v. Reinig,* 68 Wis. 408, 32 N. W. 293; *Duffy v. C. & N. W. R. Co.* 34 Wis. 188.

It is contended here not only that the trial court was in error in holding that the verdict was contrary to the evidence but that the evidence in favor of the finding of the jury upon contributory negligence is supported by the overwhelming weight of the testimony and that a contrary finding could not be sustained, and that therefore there was an abuse of discretion by the trial court in setting the verdict aside. We are not called upon in this case to determine whether or not in a case such as this, where the entire evidence which may be produced is before the court, there would be an abuse of discretion by the trial court in setting aside a verdict amply sustained by the evidence, where there was no credible evidence which would support a verdict to the contrary, because in this case it is considered that there is some credible evidence which might sustain a finding of the jury that the plaintiff was not guilty of contributory negligence. The reason for the rule cannot be better stated than in the language of Chief Justice DIXON in *Lewellen v. Williams,* 14 Wis. 687. He said:

"The exercise of a sound discretion in such matters often depends upon a variety of facts and circumstances which cannot be described on paper and brought before the appellate tribunal with their original force and influence, and which no one but the judge before whom the case was tried can fully and properly estimate. Many of these facts and circumstances are absolutely incapable of such delineation, and to say that the discretion depending upon them shall be

transferred to another court, there to be exercised without the means of forming a correct judgment, seems impossible." Citing *Smith v. Wallace,* 25 Wis. 55; *Vilas v. Mason,* 25 Wis. 310; *Janssen v. Lammers,* 29 Wis. 88; *Pound v. Roan,* 45 Wis. 129; *Smith v. Lander,* 48 Wis. 587, 4 N. W. 767. See *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528; *Eggen v. Fox,* 124 Wis. 534, 102 N. W. 1054; *McLimans v. Lancaster,* 57 Wis. 297, 15 N. W. 194; *Kurath v. Gove A. Co.* 149 Wis. 390, 135 N. W. 752; *John v. Pierce,* 176 Wis. 220, 186 N. W. 600.

It has been held that in a case where the defendant was entitled to a directed verdict, an order granting a new trial would not be set aside as an abuse of discretion where it appeared that some of the witnesses may have testified falsely and that there was reasonable probability that upon a new trial proper credible evidence might be secured. *Schlag v. C., M. & St. P. R. Co.* 152 Wis. 165, 139 N. W. 756.

As has been many times pointed out, the power of the trial court to set aside the verdict of the jury and grant a new trial is under our system of jurisprudence the principal protection a litigant has against a verdict which is contrary to the justice of the case. It is a power which should be exercised courageously and with the full realization that the failure to properly exercise it is in many cases to deny justice to litigants. The exercise of this power does not trench upon or deny the right of trial by jury; it simply submits the matter to another jury where the court is of the opinion that the verdict is not warranted by the evidence. Relief against such a verdict cannot be given here after the trial court has approved it except in a very limited class of cases. An order which grants or refuses a new trial will not be disturbed in this court except in a clear case of an abuse of discretion. Where a new trial is denied, if there is any credible competent evidence which sustains the verdict this court will not disturb the determination, that is, it will

hold there has been no abuse of discretion. *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Behling v. Wisconsin B. & I. Co.* 158 Wis. 584, 149 N. W. 484.

It is argued that the converse of this rule should apply in this case. We are not required to determine that question, because as pointed out in this case the court is of the opinion that there is credible competent evidence sufficient to sustain a finding that the plaintiff was not guilty of contributory negligence. Under such circumstances it cannot be said that there is an abuse of discretion. There being no abuse of discretion, the order appealed from must be affirmed.

*By the Court.*—It is so ordered.