HERRING, Respondent, vs. E. I. DU PONT DE NEMOURS POWDER COMPANY, Appellant.

*February 23—March 14, 1911.*

*New trial: Discretion: Presumption: Appeal from order: Dismissal.*

1. A new trial granted without specifying any reason therefor, but upon condition of the payment of the costs of trial, will be presumed to have been granted in the discretion of the court because it was dissatisfied with the verdict.
2. An appeal from a discretionary order will be dismissed if there was no abuse of discretion.

APPEAL from an order of the circuit court for Bayfield county: E. W. HELMS, Judge. *Dismissed.*

For the appellant there was a brief by *J. P. Laffey* and *A. W. McLeod,* and oral argument by *Mr. McLeod.*

For the respondent there was a brief by *E. C. Alvord* and *Sanborn, Lamoreux & Pray,* and oral argument by *A. W. Sanborn.*

Winslow, C. J. This case was once here on an appeal from a judgment of nonsuit (139 Wis. 412, 121 N. W. 170), and it was held upon that appeal that the nonsuit was wrongly granted and a new trial was ordered. A new trial has been had and a special verdict rendered, consisting of eight questions and answers which it is unnecessary to set forth. The defendant moved to change the answers to certain of the questions, for judgment on the verdict, and for judgment notwithstanding the verdict. The plaintiff moved to change the answers to certain of the questions, and in default thereof to set aside the verdict and grant a new trial, because the verdict is contrary to law and not supported by the evidence and because of inconsistency in the answers in the special verdict. The defendant's motions were all denied, and the plaintiff's motion to change the answers was denied, but the plaintiff's motion to set aside the verdict and for a new trial was granted on condition that the plaintiff pay the costs of the trial. From this order the defendant appeals.

The new trial having been granted upon condition of the payment of the costs of the trial and specifying no reason therefor must be presumed to have been granted in the exercise of the discretion of the court, because for some reason it was dissatisfied with the verdict and deemed that the ends of justice would be best subserved by a new trial. *Giese v. Milwaukee E. R. & L. Co.* 116 Wis. 66, 92 N. W. 356; *Frost v. Meyer,* 137 Wis. 255, 118 N. W. 811. No abuse of discretion is claimed, nor does it appear that any such claim could be successfully made. Under such circumstances the rule is well settled that the appeal must be dismissed. *Sly v. Kilbourn City,* 144 Wis. 203, 128 N. W. 872.

*By the Court.*—It is so ordered.