COMSTOCK, Respondent, vs. BUCKLEY and others, Appellants.

*November 17—December 5, 1911.*

*New trial: Discretionary order: Appeal: Dismissal.*

An order granting a new trial because the verdict is against the
    weight of evidence is within the discretionary power of the
    trial court, and an appeal therefrom will be dismissed if there
    was no abuse of discretion.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Dismissed.*

This is a retrial of the case which is reported in 141 Wis.
228, 124 N. W. 414. In their essential features the facts on
this appeal are the same as stated on the former appeal.

The special verdict in this case is as follows:

"(1) Did Herman account to the *Buckleys* or *Somers* for
the San Juan Mining Company, for the proceeds of the
$2,500 note sold to Wight? *A.* Yes.

"(2) When Herman paid Wight for the said note, was
such transaction on the part of Herman a purchase of it, or a
payment of it as agent? *A.* Payment as agent.

"(3) At or about the time of the payment of the $500 by
Charles Friend, did Herman assume the payment of said sum
to said Charles Friend? *A.* Yes."

Upon the rendition of the verdict both parties moved for
judgment on the verdict, and the plaintiff also moved, in the
event of his motion for judgment on the verdict being denied,
that the verdict be set aside and a new trial granted. Both
motions for judgment were denied, and the court entered an
order setting aside the verdict and granting a new trial, "be-
cause the court disapproves of the verdict as against the
weight of evidence and because it is inconsistent with itself."

This is an appeal from the order setting aside the verdict
and granting a new trial.

For the appellants there was a brief by *Kronshage, Goff, Fritz & Hannan,* and oral argument by *G. D. Goff.*

*Henry J. Killilea,* for the respondent.

SIEBECKER, J. The case on the former appeal (141 Wis. 228, 124 N. W. 414) was remanded for a new trial for the reason that the court erred in directing a verdict for the plaintiff. The court says:

"The question whether Herman acted fraudulently in negotiating the note to Wight was involved in conflict of evidence either received or offered and much uncertainty of inference from such evidence and should have been passed on by the jury; as also the question whether his payment to Wight was an attempted purchase by him individually or payment of the note on behalf of his principal."

Upon the retrial the court submitted the issues presented by the evidence to the jury in a special verdict, in which they found upon the litigated issues as shown by their answers to the questions of the verdict. The defendant moved for a judgment on the verdict dismissing the complaint, and the plaintiff moved for judgment awarding recovery for the face of the note with interest and the costs of the action, and, if such motion should be denied, to set aside the verdict and grant a new trial. The court denied the motions of both parties for judgment, but granted the plaintiff's motion for a new trial, "because the court disapproves of the verdict as against the weight of evidence and because it is inconsistent with itself."

The granting of the new trial because the verdict is against the evidence is within the discretionary power of the court, and is not to be reviewed on appeal unless we find that the court abused its discretion. The superior advantages and opportunities of the trial court for obtaining information regarding the weight and credibility of the evidence, thus enabling it to pass on this question, are of much weight in a re-

view of such a discretionary order of the court. It is obvious that these advantages of the trial court may have formed the basis of his conclusion that the verdict does not do justice in the case, and hence that a new trial should be granted. The appellants point out no grounds showing that there was an abuse of discretion. Nor do we discover any such abuse of discretion from the record of the case. *Herring v. E. I. Du Pont de Nemours P. Co.* 145 Wis. 521, 130 N. W. 454; *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528. Since the order of the court must stand upon this ground, the question of any inconsistency in the verdict becomes immaterial and need not be considered. Under the circumstances a dismissal of the appeal must follow. See cases *supra.*

*By the Court.*—It is so ordered.