SCHLAG, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*January 10—January 28, 1913.*

*New trial: Furtherance of justice: Perjury of witnesses: Discretion: Imposition of costs: Review on appeal: Evidence: Matters of common knowledge: Change of conditions.*

1. A new trial granted in furtherance of justice upon the ground (not stated in plaintiff's motion) that certain witnesses, employees of the defendant railway company, had on the trial directly contradicted their own testimony taken a short time before on their examination by plaintiff as adverse witnesses, and that plaintiff therefore had not had a fair opportunity to present his case, was granted in the exercise of the discretion vested in the circuit courts, and will not be disturbed on appeal unless that discretion was abused.

2. The failure in such case to impose costs as a condition of granting the new trial, for the reason, as stated by the trial judge, that it was granted for a cause not within the control of the plaintiff, if error (a point not decided), was a mistake of law and does not show that the order was not a discretionary one.

3. Although in such case the plaintiff, with full knowledge of the facts, proceeded with the trial without protest and without claim of surprise and elected to take his chance of securing a favorable verdict, nevertheless the granting of the new trial on the ground above stated was not clearly an abuse of discretion.

4. Even if, upon the evidence as it stood, no case had been made out by plaintiff, so that under ordinary circumstances defendant would have been entitled to a directed verdict, it would not follow that the order granting a new trial should be reversed.

5. The discretionary power of the circuit court to award new trials should be courageously and fearlessly exercised whenever the trial judge is convinced that to enter judgment on a verdict returned would result in a miscarriage of justice.

6. What was at one time a fact so well understood that courts might properly take notice of it as a matter of common knowledge, may not be a fact at a later time, because of changed conditions.

7. Thus, although this court in 1895 recognized it as a matter of common knowledge that no spark arrester had yet been de-

vised which would wholly prevent a locomotive from throwing live sparks (*Menominee River S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447, 459), this did not preclude a person suing for an injury caused in 1911 by a live spark coming through the window of a passenger car in which he was riding from showing what the fact then was as to such devices.

Appeal from an order of the circuit court for Sauk county: E. Ray Stevens, Circuit Judge. *Dismissed.*

For the appellant there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *F. R. Bentley,* and oral argument by *Mr. Killilea* and *Mr. Bentley.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *H. H. Thomas.*

Barnes, J.   This is an appeal from an order setting aside a verdict in favor of the defendant and granting a new trial. The circuit judge filed an opinion in which he gave the following reasons for setting the verdict aside:

"The record presents the unusual situation of witnesses directly contradicting their own sworn testimony taken but a short time before the trial with reference to matters which were equally within their knowledge at both times when they were on oath.   The record shows no satisfactory explanation of their complete and deliberate contradiction of themselves.

"The plaintiff had a right to rely upon the fact that these witnesses would testify to the same facts upon the trial as they did upon the adverse examination.   If personally present at the trial they could be called to the stand; if not in the court room, their adverse examination could be read.   Relying upon it and being deprived of this testimony by this unexplained contradiction of their own sworn testimony, the court concludes that the plaintiff has not had a fair opportunity to present his case.   For this reason the verdict will be set aside and a new trial granted.   In view of the fact that the motion is granted for a cause not within the control of the plaintiff, the costs of the first trial will abide the event of the action."

It seems very plain from this opinion that the circuit judge did not grant the new trial because he deemed the verdict perverse or because he thought he had committed error to the prejudice of the plaintiff. The court did think that a new trial should be granted in furtherance of justice because certain of the defendant's witnesses testified differently on the trial than they did on their previous adverse examinations. The court was of the opinion that the plaintiff had a right to assume that there would be no material change in the evidence of these witnesses, and that he was entitled to rely on such evidence when he came to prepare his case for trial and not search for other witnesses by whom the same facts might be established. It is obvious that the new trial was not granted because of any error committed by the court or jury, but was granted in the exercise of the discretion vested in circuit courts to award new trials when the interests of justice demand such action. This being so, the order will not be disturbed unless the court abused the discretion vested in it. *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 98 N. W. 528; *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792; *Pierson v. Citizens' T. & T. Co.* 135 Wis. 73, 115 N. W. 336; *Herring v. E. I. Du Pont de Nemours P. Co.* 145 Wis. 521, 130 N. W. 454; *Comstock v. Buckley,* 147 Wis. 524, 133 N. W. 581. On the motion for a new trial the respondent insisted that the court had committed error during the trial, but these contentions were overruled in the opinion from which the quotation is taken. One consideration urged by the appellant in support of its assertion that the order was not a discretionary one, was the failure to impose costs as a condition of granting the new trial. The court specifically states why costs were refused. It may have been wrong in refusing them, but if a mistake was made it was a mistake of law and was due to a belief on the part of the trial judge that he had the right to refuse costs where a new trial was granted as a matter of

favor and not of right under the circumstances of this case. No error is assigned because of the refusal to allow costs, and for this reason we do not pass upon the right of the defendant to have costs awarded to it.   As further bearing on the proposition that the order was a discretionary one, it might be said that the new trial was granted on a ground not urged by the respondent in its motion for a new trial.

The real question that confronts this court is: Did the trial court abuse its discretion in setting aside the verdict? The lower court has not left us in the dark as to its reasons for making the order.   It has stated them certainly, definitely, and affirmatively, and the maxim *Expressio unius est exclusio alterius* should be applied when we are considering the decision.

The plaintiff lost an eye by being struck with a live spark which came through a car window while he was a passenger on one of defendant's trains.   In an examination under sec. 4096, Stats., one Torgeson, the engineer on the train, testified that if the spark arrester was in good condition the locomotive would not throw live sparks.   On the trial he testified to the contrary.   The fireman, Knope, on his adverse examination testified that if the spark arrester was in proper working order it would not throw sparks.   He adhered to this statement on the trial.   Edmonds, the roundhouse foreman, testified on the examination under sec. 4096 that a spark arrester in good condition should not throw live sparks, and also that all locomotives throw live sparks more or less.   On the trial there was no very substantial variance from this evidence.   William Smith, locomotive inspector, testified as an adverse witness that he examined the spark arrester of the locomotive the day before the accident and applied a gauge to the netting in one or two places to see if the spaces therein were of the proper size.   On the trial he testified to making a much more thorough examination of the screen.

It was because of variances in the evidence of these witnesses that the court granted the new trial. The most material and substantial change was in the evidence of the engineer, Torgeson. If his first testimony was true, it would follow almost as a matter of course that the spark arrester was defective. It would then become important to show that the inspection was carelessly or perfunctorily made, and at the trial Smith testified to a very different kind of an inspection from that testified to on the examination before trial.

The appellant contends that the evidence clearly shows that no spark arrester has yet been devised which will prevent a locomotive from throwing live sparks, and that this court recognized this fact to be a matter of common knowledge in *Menominee River S. & D. Co. v. M. & N. R. Co.* 91 Wis. 447, 459, 65 N. W. 176; that plaintiff did not offer any evidence before resting his case tending to show that a spark arrester in good condition would prevent the emission of live sparks; that the evidence given by these witnesses on their adverse examinations was placed before the jury and plaintiff had the benefit of it; and that during the progress of the trial plaintiff made no claim of surprise and made no application for a continuance for the reason that he had failed to secure or to attempt to secure other evidence because of reliance on the belief that these witnesses would not change their testimony.

The most significant circumstance in favor of defendant's contention is that plaintiff, with full knowledge of the facts, proceeded with the trial without protest and without claim of surprise and elected to take his chances on securing a favorable verdict. Granting a new trial on such a state of facts savors somewhat of permitting the plaintiff to experiment with successive juries. However, this court is very loath to interfere with the discretion to grant new trials that is vested in circuit judges. It is a power that should be courageously and fearlessly exercised whenever a trial judge is convinced

that to enter judgment on a verdict returned would result in a miscarriage of justice. It is very possible that this important power is used more sparingly than it should be. However this may be, it is only in a clear case of an abuse of discretion that this court will interfere. It is not an uncommon thing for a witness to swear differently at different times. Very often the witness is endeavoring to tell the truth on each occasion. Frequently the change is due to the desire to help himself or some friend in the prosecution or defense of a lawsuit. These variances are so common that they rarely attract very much attention, certainly not as much as they should. It is quite evident that the circuit judge regarded the change of testimony with suspicion and thought that because of it the plaintiff might lose a meritorious cause of action if the verdict was allowed to stand, and we are unable to say that in doing so he abused the discretion vested in him.

The appellant insists that the ruling was wrong in any event because the defendant was entitled to have a verdict directed. If it were true that upon the evidence as it stood no case had been made against the defendant, it would not follow that the order should be reversed. The plaintiff's position is that a proper spark arrester would not emit live sparks. On another trial he may be able to secure credible testimony on that point. The *Menominee River S. & D. Co. Case* was decided seventeen years ago. Since that time spark arresters may have been contrived which for aught we know will wholly prevent the emission of live sparks. What was common knowledge seventeen years ago may not be common knowledge now, because of changed conditions. The plaintiff was and is entitled to show what the fact is, regardless of what is said in the case referred to. While the evidence of these witnesses given before trial was admitted, its probative force was no doubt weakened by their subsequent contradictory statements. It is apparent that the circuit judge believed that some of the witnesses had committed perjury and

that the false testimony in all probability lessened the plaintiff's chances of recovery and likewise misled him. If the judge entertained such beliefs, it was not only his right but his duty to act upon them. It is not sufficiently clear that no legitimate grounds existed which would justify such beliefs to warrant this court in reversing the order.

*By the Court.*—The appeal is dismissed.