In re SOBOL.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

No. 191.

**1. BANKRUPTCY** ☞136(2)—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—PUNISHMENT OF CONTEMPTS.

Where, about 10 minutes before a bankrupt entered the courtroom to receive sentence in a criminal prosecution for concealing assets, he was served with an order to pay over assets so concealed to the trustee, and during that time he did not indicate in any way that he did not intend to comply with the order, he was not in contempt at the time of the sentence, and the court was without power to punish him for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235.]

**2. BANKRUPTCY** ☞136(2)—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—PUNISHMENT OF CONTEMPTS.

That a bankrupt has been sentenced for concealing assets, and has served out his term, is no defense in a proceeding to punish him for contempt in failing to comply with an order to turn over the assets so concealed; and this was true, though the judge, in sentencing him, was influenced by his opinion that the bankrupt was also guilty of contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235.]

**3. CONTEMPT** ☞24—DEFENSES—INABILITY TO COMPLY WITH ORDER.

Inability to comply with an order requiring the payment of money, resulting from poverty, insolvency, or other cause not attributable to the fault of the party charged, will under ordinary circumstances excuse a contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74.]

**4. CONTEMPT** ☞39, 66(7)—PUNISHMENT—DISCRETION—REVIEW.

In the absence of statutory regulation, the matter of dealing with contempts and how they should be punished are within the trial court's discretion, and such discretion will not be interfered with, unless grossly abused.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 110, 232–237.]

**5. BANKRUPTCY** ☞446—REVIEW—CONTEMPT PROCEEDINGS.

Where, on an application to punish a bankrupt for contempt in failing to comply with an order requiring him to turn over assets to the trustee, the court made no sufficient examination as to the bankrupt's ability to comply with such order, but denied the application on the erroneous ground that the bankrupt had purged himself of contempt by serving a sentence imposed upon him for concealing such assets, the order would be reversed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Solomon Sobol, bankrupt. On petition of John L. Lyttle, as trustee, to revise an order denying an application to

punish the bankrupt for contempt. Petition granted, and order reversed.

George Gordon Battle, of New York City (Louis H. Solomon, of New York City, on the brief), for bankrupt.

Emanuel M. Kaiser, of New York City, for trustee.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. In the course of proceedings in bankruptcy, an order was made directing the bankrupt to pay to the trustee in bankruptcy the sum of $15,413.23, alleged to have been concealed by him. The order was made on January 11, 1916, and was served on the bankrupt on the next day, who failed to comply with it.

The trustee in bankruptcy, on August 7, 1916, petitioned the court that an order be granted adjudging the bankrupt in contempt for his failure to comply with the court's order. The delay in the making of this application was due to the fact that the bankrupt had been indicted for fraudulently concealing assets from his trustee. He had pleaded guilty, and on January 12, 1916, had been sentenced to a term of six months' imprisonment. The sentence was imposed on the very day on which he was served with the notice to pay over $15,413.23 to the trustee. On June 16, 1916, the bankrupt was released from prison, and in August following the motion to punish for contempt was made.

At the hearing of the motion to punish for contempt the bankrupt swore that he did not conceal the sum of $15,413.23, but that he had concealed the sum of $3,200, and that the same had been spent by him after the adjudication and before the motion was made to punish for contempt. He also swore unequivocally that he could not pay any moneys over to the trustee, as he had no moneys, having spent what he had concealed in supporting his family. He stated, also, that the reason why he had not explained the matter at the hearing before the referee was that he was under indictment at the time and was acting under the advice of counsel in remaining silent.

The application to punish for contempt was denied, the District Judge filing a memorandum, in which he stated that he had been informed by the District Judge who imposed the sentence already referred to that in imposing that sentence he intended to punish, not only the crime of concealing the assets, but also the contempt in not paying over the concealed assets as ordered. An application for reargument was made and denied; the District Judge in his memorandum saying:

"I decline to follow the rigidity of practice insisted upon by the trustee, when I know that it was the intent of the first judge to whose attention this whole matter was brought to close the Sobol incident by a six months sentence."

[1, 2] If the bankrupt was not in contempt at the time sentence was imposed, it is difficult to understand how he could be punished as for a contempt by the imposition of the sentence. The bankrupt had been served with the turn-over order in the corridor of the court but five

or ten minutes before he entered the courtroom to receive sentence. He did not, prior to sentence, indicate in any way that he did not intend to comply with the order. He could not be expected to comply within ten minutes of the time he received an order to pay over $15,-413.23. He could not, therefore, have been in contempt at the time of sentence, and the District Judge was therefore without power at the time to punish for the contempt; and at the time sentence was imposed the District Judge had no evidence before him as to whether Sobol had or had not in his possession the property he was ordered to turn over. The sentence imposed was for concealing assets, and if in fixing the penalty for that offense the trial judge was influenced by the opinion he entertained that the bankrupt had also been guilty of another offense, which had not yet been committed, and upon which he was not then arraigned, that fact is not a defense of which the accused can avail himself, when brought before the court to answer for the second offense.

The two proceedings were entirely distinct. The criminal case charged him with concealing assets. The contempt proceedings charged him with not complying with the court's order to turn the moneys over. The fact that a bankrupt has been sentenced for concealing assets and has served out his term is no defense in a proceeding to punish him for contempt with an order to turn over the assets he concealed. The District Judge was in error in thinking that the bankrupt was purged of the contempt when he served out his sentence on the charge that he had concealed assets, and that to punish him now for contempt would be to punish him twice for the same offense.

[3-5] The law is, of course, well settled that inability to comply with an order requiring the payment of money, resulting from poverty, insolvency, or other cause not attributable to the fault of the party charged, will under ordinary circumstances be received as a valid excuse from the consequences of contempt; and it is also settled, in the absence of statutory regulation, that the matter of dealing with contempts and how they should be punished are within the trial court's sound discretion, and that such discretion will not be interfered with, unless it has been grossly abused. But in this case the District Judge has made no sufficient examination to find whether any of the above reasons for not punishing for contempt, exist, and has denied the application on the erroneous ground that the bankrupt by serving his sentence has closed the incident. For that reason the order sought to be reviewed is reversed, and the petition for review is granted.

It is so ordered.