**SCHERZER ROLLING LIFT BRIDGE CO. v. CITY OF CHICAGO et al.**

(Circuit Court of Appeals, Seventh Circuit. February 19, 1926.)

No. 3606.

Patents ⬥⟿328—No. 735,414, claim 9, for double-deck bascule bridge, held not to involve invention.

Scherzer & Kandeler patent, No. 735,414, claim 9, for a double-deck bascule bridge, *held* not to involve invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Scherzer Rolling Lift Bridge Company against the City of Chicago and another. From a decree for defendants (2 F.[2d] 601), plaintiff appeals. Affirmed.

Geo. I. Haight, of Chicago, Ill., for appellant.

Geo. A. Chritton and Russell Wiles, both of Chicago, Ill., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. In this action, upon patent No. 735,414, now expired, invalidity was found. Claim 9, chiefly argued and relied on, is as follows:

"A double-deck bascule bridge comprising" (1) "a lifting span provided with two floors located one above the other," (2) "and an approach having two corresponding floors or roadways," (3) "the ends of the span floors which meet the approach floors or roadways being extended past the support by which the span is sustained," (4) "and the end of the lower span floor which meets the lower approach or roadway being extended past the adjacent end of the upper span floor to a point outside of the path of the said end of the upper span floor."

Bascule bridges and lifting spans are very old, and in Chicago long antedated the patent in question. Whether a truss-span shall carry one, two, or a dozen floors presents merely questions of loads, thrusts, strains, and stresses, to be determined by mathematical calculations, and does not get into the field of discovery or experimentation. The second element means nothing, except there are to be as many approaches as there are road levels on the bridge. The third and fourth elements present the problem of keeping the ends of the approaches out of the way of the shore end of the span, which must move in the arc of a circle when raised and lowered, clearly a matter within the knowledge of any engineer. Much stress is placed upon the admission of Gen. Goethals that designing such a bridge presented a problem, and that plaintiff's patent solved that problem. That did not mean that the solution of problems necessarily means invention.

We are of opinion that no invention is shown.

Decree is affirmed.