MILLER v. ZAHARIAS et al. (two cases).
Nos. 9383, 9384.

Circuit Court of Appeals, Seventh Circuit.
May 7, 1948.

Rehearing Denied June 15, 1948.

Ira Milton Jones, of Milwaukee, Wis., for appellant Miller.

Leo J. Kohn, David Charness and Herman A. Mosher, all of Milwaukee, Wis., for appellee Zaharias.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In No. 9383, plaintiff charged defendants with infringement of claims 3, 4, 6 and 7 of U. S. Letters Patent No. 1,888,234, and claims 1, 2 and 5 of Patent No. 1,960,276. The District Court held the challenged claims of the first patent invalid, and those of No. 1,960,276, valid and infringed. As to the latter patent, however, the court found and decreed that plaintiff was barred from maintaining his action because of unclean hands. Plaintiff appeals from the judgment insofar as it held the claims in suit of the first patent invalid and denied him relief as to the second. Defendants, in No. 9384, appeal from the judgment that the claims of the second patent in suit are valid and infringed.

Each of the claims of the first patent in suit claims a "method of applying plastic material to a wall to resemble stone and the like which consists in pressing a quantity of the plastic material onto a suitable backing by means of a member whose surface is formed to resemble the finish desired, and in covering the surface of said member with flexible material to prevent adhesion of the plastic material to the member." It is obvious, therefore, that these claims cover only a method of applying plastic material, such as cement, to existing walls so that the surface thereof will simulate stone. Three other claims for the tool itself are not in suit.

All that plaintiff did in the claims in suit was to inform the public how to use his patented device. He described the tool fully and then told how to operate it, but his only claim of invention with which we are concerned is his direction as to how to use the old device. This, we think the Dis-

trict Court correctly held, could not amount to patentable novelty.

■ There should be no question as to the correctness of this conclusion for this court has repeatedly so expressed itself in similar situations. Thus, in Thordarson Electric Mfg. Co. v. General Transformer Corporation, 7 Cir., 93 F.2d 36, 37, we said: "The patentee did not claim invention in the machine itself, that is, the die and the punch, but his sole assertion in that respect lies in a socalled method of producing I and E pieces. What he really claims is the function of the machine rather than the device itself. Inasmuch as it is well settled that one cannot have a patent for the function or effect but only for the machine which produces the same, under repeated decisions the claims are invalid because they are within this category."

In Interstate Folding Box Co. v. Empire Box Corporation, 7 Cir., 68 F.2d 500, 501, the court said:

" " 'A valid patent cannot be obtained for a process which involves nothing more than the operation of a piece of mechanism, or in other words, for the function of a machine." Risdon Iron & Locomotive Works v. Medart, 158 U.S. 68 at page 77, 15 S.Ct. 745, at page 748, 39 L.Ed. 899.' * * *

"No step of any of the process claims was new nor was there novelty in the order or the number of said steps nor in the product that resulted therefrom. The steps were individually and collectively the acts—that is, the operations—of the machines, and as described, were *limited to the machine covered by the patent*. Under such circumstances there is no valid basis for support of the process patent. * * * *If all such acts are but the successive functions of the machine covered by a simultaneously granted patent, then the claims of such process patent are invalid. * * * *" (Italics ours.)

And, in Smith Engineering Works v. Nordberg Mfg. Co., 7 Cir., 68 F.2d 492, 494, the court announced: " * * * the mere function or effect of the operation of the machine cannot be the subject of a lawful process patent. * * * If all of the acts are merely the results following the opera-

tion of a machine and are necessarily restricted to the specific machine covered by a patent, the validity of such process claims can not be upheld."

We conclude therefore that the claims in suit amount merely to directions as to how to use a patented device; that they are functional, as that term is used in the decisions, in character, and that their prescribed operations of the purported method are obviously inherent in the elements of the patented device as the peculiar and characteristic functions thereof.

■ In Patent No. 1,960,276, plaintiff described and claimed a device such as was included in the claims of his original application in No. 1,888,234, for a tool, but added a duplicate part constructed exactly as was the original tool, hinging it to the first unit so that, instead of the tool always being applied in a straight line, the device might be bent at the hinge so as to form a right angle or other angle and thus make possible application of the material on the external corner of two intersecting sides of a building. The question of validity of the claims involved turns upon the question of whether it was invention to hinge to the old patented device its own duplicate, so that the two could be applied to a corner at an angle instead of only in a straight line.

We think this does not constitute invention. The single tool itself was covered by the first patent, and we are unable to conceive of any ground upon which we can say that when Miller hinged· together two of the patented tools so as to deposit material to both sides of a corner of a building, instead of placing it on a flat surface in a straight line, he achieved invention. It seems clear to us that any skilled workman, meeting this problem and having the old device before him, would have reached the suggested solution without exercising any such ingenuity as amounts to invention. Cuno Engineering Corporation v. Automatic Devices Corporation, 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Scherzer Rolling Lift Bridge Co. v. Chicago, D.C., 2 F.2d 601, affirmed, 7 Cir., 11 F.2d 605. Accordingly, the claims must be adjudged invalid.

In this view of the case, it is unnecessary to consider other points raised by the par-

ties. Inasmuch as the claims of each patent in suit are invalid, the trial court correctly dismissed the complaint for want of equity.

 Plaintiff sought to have defendant Salomon declared in contempt of court for violation of an earlier default judgment enjoining infringement of the patents. The court failed to grant this relief, inferentially, at least, denying the prayer. Irrespective of whether this portion of the complaint was properly in issue, it appears that the evidence was sharply in controversy. As we have frequently held, the action of the trial court upon a charge of contempt is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous. Such is the provision of the rules of civil procedure promulgated by the Supreme Court and such also is the tenor of the decisions of Wisconsin where this cause was tried. Comstock v. Buckley, 147 Wis. 524, 133 N.W. 581; Lange v. Olson, 185 Wis. 657, 202 N.W. 361; State v. Meese, 200 Wis. 454, 225 N.W. 746, 229 N.W. 31.

We approve the District Court's finding and conclusion that the claims in suit of the first patent are invalid. We find also that the claims of the second patent in suit are likewise invalid. We do not reach the other points presented to the District Court. The judgment dismissing the complaint for want of equity is affirmed.