**JEWEL TEA CO., Inc. v. KRAUS.**

No. 10795.

United States Court of Appeals
Seventh Circuit.

May 21, 1953.

Leslie M. Parker, Malcolm S. Bradway, Chicago, Ill., Parker & Carter, Chicago, Ill., Avern B. Scolnik, Chicago, Ill., for appellant.

Melvin B. Lewis, Francis V. Healy, Chicago, Ill., Robert G. Dreffein, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the district court denying plaintiff's petition asking that defendant be adjudged in contempt for failing to comply with the terms

of an injunction which had been entered in this cause.

Plaintiff brought this action, alleging unfair competition. At the time of the trial plaintiff operated a chain of 150 retail food stores in the Chicago area. Defendant operated 8 stores in three Chicago suburbs, using the trade name "Jewel Milk Stores," and selling dairy products primarily. Ice cream was the only product sold by defendant to which he applied the name "Jewel," and he had done so for at least five years prior to the date when plaintiff first sold ice cream.

■ The district court issued an injunction restraining defendant from using the word "Jewel" in the name of his stores, and in connection with the operation of his business. On appeal, 187 F.2d 278, 284, this court directed: "The injunction will be modified so as to preserve to the defendant the right to sell ice cream under the words 'Jewel Fine Ice Cream,' but without referring to 'Jewel' as any part of defendant's trade name," and the judgment of the district court was modified accordingly. Thereafter defendant eliminated the word "Jewel" from its trade name and placed the words "Kraus Milk Stores" upon every window of the stores operated by it. In some instances the name appeared twice on a window. On a very large sign on the side of a building at 1120-A West Chicago Avenue, the word "Jewel" was painted out. In a large neon sign used at 1918 South Cicero Avenue, the word "Jewel" was eliminated, and at the same address the word "Jewel" was apparently painted out of the name previously appearing on the awning.

Plaintiff now objects to the use by defendant of signs in the windows of his stores bearing the slogan, "Jewel Fine Ice Cream." These signs usually appear at least once and in several places twice in each window. At the hearing in the district court plaintiff's counsel insisted that defendant should not be permitted to use the word "Jewel" on any signs that appear either in front of defendant's stores or in the windows.

In our opinion we had ruled, 187 F.2d at page 284: " * * * by reason of his prior public use, extending for a period of more than five years, the defendant is entitled to use the term 'Jewel Fine Ice Cream,' on ice cream cartons sold in his stores or distributed by him." We determined that the plaintiff and defendant each had property rights in the trade-mark "Jewel" but that defendant's rights were in the limited field of the sale of ice cream. Defendant had the right to utilize the word "Jewel" in advertising his ice cream, but under the judgment was required to take precautions so that the public would not be led to believe that "Jewel" was any part of his trade name. The trial court held defendant was not limited to using the word "Jewel" only on its ice cream cartons. We hold it thus correctly interpreted our ruling.

■ Complaint is made that the district court did not make formal findings of fact and conclusions of law pursuant to Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. But this was a proceeding for civil contempt upon a motion in the principal action. Rule 52(a) provides that findings are unnecessary on motions except as provided in rule 41(b) relating to involuntary dismissal. Furthermore, rule 52(a) provides, "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." Here the district court did file a memorandum opinion.

■ We do not wish to be understood as announcing that findings of fact and conclusions of law need not be filed on contempt motions as a matter of general procedure. We think that such findings would usually be appropriate, and especially when a defendant is held in contempt. It is desirable that the findings clearly point out the conduct held to be contemptuous.

■ Many of the arguments made on appeal by plaintiff might well have been and probably were presented to the trial court, but the only question before us is whether that court abused its discretion.

The rule has been stated, " * * * punishment for contempt rests in the sound discretion of the trial court in the absence of legal restriction, it is not ordinarily reviewable, and where the court has jurisdiction in contempt proceedings its judgment will not be disturbed except where such discretion has been grossly abused * * *." 17 C.J.S., Contempt, § 124(c), p. 170. In In re Sobol, 2 Cir., 242 F. 487, 489, the court said, " * * * it is also settled, in the absence of statutory regulation, that the matter of dealing with contempts and how they should be punished are within the trial court's sound discretion, and that such discretion will not be interfered with, unless it has been grossly abused." In Miller v. Zaharias, 7 Cir., 168 F.2d 1, 3, certiorari denied 335 U.S. 823, 69 S.Ct. 47, 93 L.Ed. 377, this court said, "As we have frequently held, the action of the trial court upon a charge of contempt is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous."

 Defendant has used and is using for advertising purposes in his windows neon light signs of two types: (1) the outline of a milk bottle with the words attached, "Kraus Milk Stores"; and (2) the outline of an ice cream cone with the words attached, "Jewel Ice Cream." The letters in each sign are of approximately the same size, and in at least six of defendant's stores both signs are used simultaneously. The record does not contain any evidence that a cone sign with the words "Jewel Ice Cream" was used separately in the window of any of defendant's stores.

In plaintiff's advertising using the word "Jewel" on its store fronts, it uses heavy block letters. Nevertheless its principal complaint as to defendant's use of the word "Jewel" is where it appears in script. Plaintiff argues that in the signs used by defendant the letters "J" and "L" in the word "Jewel" are larger than any letters in the name of Kraus Milk Stores. The photo-

graphs in evidence show this to be true, but in every instance where defendant has used the word "Jewel" in script in its store windows, it has also used in close proximity the words "Kraus Milk Stores" in letters which are easily read. The trial court found, " * * * that the style of advertising adopted and used by the defendant in advertising its ice cream identifies the source of this product as being that of the defendant's."

A trial court has much power and wide discretion in enforcing its decrees and judgments. The trial judge herein has had much trial experience in both the State and federal courts. Were the defendant guilty of not complying with the injunction in this case, the trial judge is fully capable of fashioning a remedy and seeing to it that the judgment is enforced. Surely we cannot say on the record before us that the denial of the petition to adjudge the defendant in contempt was an abuse of the discretion reposing in the trial court. Order affirmed.

LINDLEY, Circuit Judge (concurring).

I agree that the record does not disclose that gross abuse of discretion necessary to reverse a trial court's order in a contempt proceeding. However, I think we should observe, for the benefit of the respective parties, that the plain intent of our original opinion, as I interpret it, and of the memorandum of the trial court is that, in its advertising, defendant, in order to avoid confusion, should not print the words "Jewel" in larger letters than the words "Kraus Milk Stores" and make it obvious to him who reads that the product is "Kraus Jewel ice-cream". This is, I understand, the trial judge's thought and in thorough accord with our earlier opinion. But, as I have said, adherence to this standard of conduct impinges in no way on the soundness of our refusal to interfere with the exercise of judicial discretion by the District Court in passing upon the motion to find defendant guilty of contempt.