**ADMIRAL CORPORATION**

v.

**ADMIRAL EMPLOYMENT BUREAU, INC., et al.**

**No. 56 C 2135.**

United States District Court
N. D. Illinois, E. D.

Oct. 13, 1959.

See also 151 F.Supp. 629.

Byron, Hume, Groen & Clement, Chicago, Ill., for plaintiff.

James A. Brown, Chicago, Ill., for defendant.

LA BUY, District Judge.

On September 11, 1957, pursuant to a stipulation and order of dismissal, it was agreed that defendant would not use the contracted version of its corporate name, i. e., Admiral, but would use its full corporate name, Admiral Employment Bureau, Inc., in connection with all newspaper advertisements.

On August 31, 1959, the plaintiff moved for a Rule to Show Cause why defendant should not be held in contempt for violation of the court order entered pursuant to such stipulation.

Affidavits and exhibits have been submitted by both litigants. It appears that defendant has placed certain newspaper advertisements for help wanted which, although utilizing the defendant's full corporate name, single out in a separate line the word "Admiral" and emphasize its presence by use of large type, thereafter following on the second line in greatly reduced print the balance of

its corporate name. The affidavit of plaintiff's president avers a specific instance of confusion which had been brought to his attention by virtue of such advertisements in that they were believed to be those of the plaintiff.

Defendant contends that the use of its full corporate name, without provision in the court order as to the manner and mode of presentation and printing, has been agreed to between the parties and that there is, therefore, no violation of the order of court.

The pertinent issue to be determined is whether the use of the corporate name by the defendant in the manner complained of is accomplished with appropriate notice of its origin and sponsorship so as to apprise the public that it is the defendant and not the plaintiff who is advertising for help wanted.

Admittedly, the use of the word "Admiral" in the advertising is emphasized by the manner in which it appears and is the most conspicuous and prominent word in defendant's use of its corporate name. It is that word which gave rise to the original suit. The subsequent use of this word by defendant must be tested against defendant's agreement not to use a contracted version of its name, but to use its full corporate name.

The court is of the opinion that the undue emphasis upon the word "Admiral" continues to exploit the contracted version of its name which the defendant agreed not to use, and that the manner of its use continues the confusion of association between plaintiff and defendant, as shown by the plaintiffs' affidavits. The court is further of the opinion that the defendant's advertisements are an effective evasion of the court's order and constitute a contempt thereof.

In view of the ruling of the Seventh Circuit Court of Appeals in Jewel Tea Co. v. Kraus, 1953, 204 F.2d 549, 550, it is suggested that counsel submit Findings of Fact, Conclusions of Law, and appropriate Judgment Order finding the defendants guilty of civil contempt and assessing a penalty of $250.