**DONALD F. DUNCAN, INC., Plaintiff-Appellant,**

v.

**ROYAL TOPS MANUFACTURING CO., Inc., Defendant-Appellee.**

No. 14652.

United States Court of Appeals
Seventh Circuit.

March 3, 1965.

Owen J. Ooms, Francis T. Drumm, Chicago, Ill., for plaintiff-appellant.

Mark H. Sparrow, Maxwell E. Sparrow, and Sparrow & Sparrow, New York City, for defendant-appellee Royal Tops Mfg. Co., Inc.

Before SCHNACKENBERG, KNOCH and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is in a case companion to Donald F. Duncan, Inc. v. Royal Tops Manufacturing Company, Inc. and Randy Brown, 7 Cir., 343 F.2d 655, in which the facts giving rise to the controversy between the parties may be found. It is sufficient to note that Honorable J. Sam Perry, a Judge of the United States District Court for the Northern District of Illinois, on January 17, 1964, entered a judgment by which the defendants were permanently enjoined and restrained from infringing plaintiff's trademark "Yo-Yo." Defendants appealed from this judgment, which is reversed by this Court in an opinion rendered herewith.

Plaintiff appeals from the decision of Honorable James B. Parsons, a Judge of the same Court, discharging plaintiff's rule to show cause why defendant should not be held in contempt of court for violating the restraining order entered in the main action. The Court heard testimony, and made its findings of fact and conclusions of law upon which its discharge order was entered.

Plaintiff on brief states, "The only contested issue is whether the trial court can derogate Plaintiff's right to have the injunction order enforced." Plaintiff argues in support of this issue that it was entitled as a matter of law to the relief sought and that the Court was without discretion in the matter.

In view of the issue as presented, we think there is no occasion to set forth or discuss the evidence which the Court had before it. This is so because in our judgment the Court had such discretion, which was not abused; in fact, we think it was wisely exercised.

That the Court was vested with discretion has under similar circumstances been held by this Court. In Miller v.

Zaharias et al., 7 Cir., 168 F.2d 1, 3, the Court stated:

"As we have frequently held, the action of the trial court upon a charge of contempt is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous."

Again this Court, under circumstances similar to those here, in Jewel Tea Co., Inc. v. Kraus, 7 Cir., 204 F.2d 549, 551, stated:

"The rule has been stated, ' * * * punishment for contempt rests in the sound discretion of the trial court in the absence of legal restriction, it is not ordinarily reviewable, and where the court has jurisdiction in contempt proceedings its judgment will not be disturbed except where such discretion has been grossly abused * * *.' "

In support of this statement we cited and quoted from In re Sobol, 242 F. 487, 489 (2nd Cir.).

The judgment appealed from is Affirmed.