**Jerald L. HORACE, II, Plaintiff,**

v.

**Henry B. MOORE and Thomas E. Raleigh, Defendants.**

**Nos. 81 C 6915, 81 B 03176, 81 A 2055.**

United States District Court,
N.D. Illinois, E.D.

July 9, 1982.

---

Ronald R. Peterson, Thomas E. Lindley, Jenner & Block, Chicago, Ill., for plaintiff.

Arthur H. Grant, Chicago, Ill., for defendants.

Henry B. Moore, pro se.

## DECISION

McMILLEN, District Judge.

■ The plaintiff has filed a motion to enforce an order of Bankruptcy Judge Hertz which recommended that the bankrupt Henry B. Moore be fined $1,066 and evicted from property known as 3008 Greenwood Road, Hazelcrest, Illinois. The appeal is taken because a bankruptcy judge can impose a fine of only $250 for contempt under Rule 920(a)(4). Upon certification of the contempt order to this court, we are empowered under the Rule to proceed as though the contempt was committed here.

■ The bankrupt contends that Judge Hertz' order of November 13, 1981 finding him in contempt and recommending sanctions was improper because it was based upon previous orders which were erroneous. However, if the bankruptcy judge's orders of September 8 and October 7, 1981 were erroneous, the way to contest them is by an appeal, not by a willful violation. See *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 590, 42 L.Ed.2d 574 (1975); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450, 31 S.Ct. 492, 501, 55 L.Ed. 797 (1911).

The bankrupt's other arguments are equally unfounded. Plaintiff clearly has standing to ask this court to enforce the order of contempt. Otherwise, neither an unsecured creditor nor the bankruptcy judge himself would have a way to enforce a contempt order involving more than $250. See *Rogers v. Bank of America National Trust & Savings Association,* 142 F.2d 128, 129 (9th Cir.1944).

■ Nor does a claim for Homestead Exemption preclude eviction in this case, since the bankrupt did not prove ownership. Actually, Judge Hertz did not decide this issue, since his orders of September 8 and October 7, 1981 were merely to obtain rent for Moore's use and occupancy. The eviction recommendation was made only after the bankrupt failed to comply with the orders to pay rent, and is a proper exercise of discretion in view of the bankrupt's failure to comply with the prior orders.

■ The bankrupt had notice that he was subject to a contempt order. The orders were specific and he failed to comply with them. Therefore, the Bankruptcy Judge's finding of a series of willful violations, contained in his order of November 13, 1981, is not clearly erroneous. Nor do we believe that the bankruptcy judge abused his discretion in imposing a fine and eviction for willful violation of his orders, although in doing so we take no position with respect to the validity of the orders entered September 8 and October 7, 1981. See *Jewel Tea Co. v. Kraus,* 204 F.2d 549, 551 (7th Cir. 1953).

894

The motion of plaintiff to enforce Bankruptcy Judge Hertz' contempt order of November 13, 1981 is granted, judgment is entered against the bankrupt Henry B. Moore in the amount of $1,066, and he is ordered to vacate the premises at 3008 Greenwood Road, Hazelcrest, Illinois. A Rule 58 judgment will be entered.